JOHN G. KOHLHEIM, Guardian, &c., *v.* JOSIAH A. HARRISON.

1. STATUTE OF LIMITATIONS: MORTGAGOR AND MORTGAGEE.—The Statute of Limitations will commence running against the right of the mortgagor to redeem, whenever the mortgagee, with notice to the mortgagor, asserts an absolute title in himself to the mortgagee's property in his possession.

2. SAME: DEVISE OF MORTGAGED PROPERTY BY WILL, IS AN ADVERSE CLAIM AND NOTICE.—If the mortgagee, in possession of the mortgaged property, devise the same as his estate, it is an assertion of title adverse to the claim of the mortgagor to redeem; and in the absence of all showing to the contrary, the probate of the will in the county in which the mortgagor resides, is notice to him of such adverse claim, and the Statute of Limitations will commence running from that time against a bill to redeem.

APPEAL from the Vice-Chancery Court at Fulton. Hon. Henry Dickinson, vice-chancellor.

*Hugh R. Miller*, for appellant.

The bill of sale given to appellee is absolute, and it is submitted whether it is competent to explain, add to, and contradict it by parol. The purchase-money was all paid, and the slave delivered to the purchaser.

The slave remained in the possession of the purchaser, Walker, more than three years before his death, and was bequeathed by him to his son, the ward of appellant, and came immediately into the possession of appellant. Only one witness testifies as to what took place at or about the time of the sale, and no reason is given why the right to redeem, if it was intended to be reserved, might not have been expressed in the bill of sale.

Witness Easley merely proves that Walker said, at some time subsequent to the sale, that at some time he had told appellee that he might have the slave back by paying the purchase-money and interest. And this witness is uncertain whether he learned this from Walker or Harrison.

The other witness, Cayce, merely relates a conversation with Walker.

Walker spoke of it as a purchase, and doubtless meant nothing

more, than that he was willing to let appellee have the slave back for the purchase-money and interest. Walker's acts are only consistent with the idea that he considered his title absolute.

We insist that the proof is not of that clear and conclusive character that will authorize the court to declare the bill of sale a mortgage, and that the great lapse of time, if it does not form an absolute bar, raises a strong presumption against the conclusion that such was the contract.

The answer denies the allegations of the bill, and puts the complainant upon full proof.

*W. L. Sharkey*, for appellee.

In January, 1846, the appellee, Harrison, borrowed of John Walker the sum of $290, and to secure the payment, made a bill of sale, absolute on its face, to said Walker, for a negro boy named Lunn. This bill of sale was made at the time the money was borrowed, and the negro was then placed in Walker's possession. Walker, by his will, gave this negro boy to his son John, for whom appellant, Kohlheim, is guardian, who has had possession, since the property of Walker was divided by the executors. At the time the money was borrowed, no time was agreed on for its repayment.

In 1854, complainant, Harrison, filed his bill in the Vice-Chancery Court to redeem the negro, in which he alleges that the bill of sale, though absolute on its face, was intended only as a mortgage; that he was entitled to redeem, by the terms of the contract, whenever he might be able to do so; that the bill of sale was executed, and the negro delivered at the time the bill of sale was executed; and that he had tendered the money to respondent, and demanded the negro, which respondent refused.

On hearing, the vice-chancellor, after having ordered an account to be taken of the hire, decreed that the bill of sale was a mortgage, and that complainant should be entitled to redeem on payment of the balance due, after deducting the hire of the negro *from the time the money was tendered and demand made.* From this decree respondent appealed.

From the foregoing statement of the case, it will be seen that the question for the consideration of the court is this,—is it competent for a chancery court to declare a bill of sale to be but a mortgage?

Where the proof is so clear as it is in this case, not only from the testimony of the witness present at the time the contract was made, but from the declarations of Walker himself made to several other persons, where it is clear the money was lent, and the bill of sale made, and the negro delivered at the same time, it would seem to be too late to discuss this question, in view of the repeated discussions of this court on the same question. Had the bill of sale been made to secure a pre-existing debt, the question might be more doubtful; but it was not, and moreover, the borrower had an indefinite time to redeem. No case could present the question, unembarrassed, more clearly than this does. And if it be competent for a court of chancery, in any case, to declare that a bill of sale was intended as a mortgage, surely it was in this. There is not even the slightest conflict in the testimony. The intention of both parties is placed beyond doubt. Beyond doubt, the writing does not fully express the intention of the parties. And as this question has been so often decided in this State, it is needless to refer to other authorities. See *Craft* v. *Ballard*, S. & M. Ch. Rep. 366; *Carter* v. *Burress*, 10 Ib. 527; *Prewett* v. *Dobbs*, 13 Ib. 431; *Vasser* v. *Vasser*, 23 Miss. Rep. (Cushman) 378; *Baldwin* v. *Jenkins*, Ib. 206; *Mason* v. *Moody*, 26 Miss. Rep. 184. In citing the last case, I would again remark, that bill of sale was not made for a pre-existing debt, but for money loaned at the time, and is therefore different from the case cited. See 1 Story Eq. 176, sec. 156.

The matter was referred to the clerk to state an account between the parties, who allowed the complainant hire for the negro from the time the complainant tendered the money, and the court decreed accordingly, which was very clearly right. The services of the negro before that time was in discharge of interest. And this court can now assess damages or hire up to the time it renders judgment, and damages on the damages. Rev. Code, 564, Art. 13.

FISHER, J., delivered the opinion of the court.

This was a bill filed by the complainant in the Vice-Chancery Court at Fulton, to redeem a slave alleged to be held by the defendant under a mortgage executed by the complainant to one John Walker, in January, 1846.

It appears from the allegations of the bill that the complainant

borrowed from Walker a certain sum of money, and, for the purpose of securing him, executed an absolute bill of sale conveying the slave in controversy, and at the same time delivered the slave to Walker. The bill further alleges that there was a verbal understanding that the complainant might at any time redeem the slave, on payment of the money and interest.

The answer is in every respect responsive to the bill, and sets up, in addition, that Walker, about 1849, made his will, bequeathing the slave to the defendant; that Walker soon thereafter died, and that his will was duly established in the proper court. The same facts are alleged in the bill. The suit was not commenced until the 13th of November, 1854.

Under this statement of the case, it is only necessary to notice the defence made under the Statute of Limitations. Walker, by his will bequeathing the slave to the defendant, asserted an absolute title; and this put an end to the relation of mortgagor and mortgagee, if in fact that relation ever existed. The bill sets out the time of the probate of the will, and it must, therefore, be presumed, in the absence of any showing to the contrary, that the complainant was then informed of the title asserted by Walker; and the statute commencing to run from that date, constituted a bar before the filing of the bill.

Decree reversed, and bill dismissed.