MARY A. HUNTER, *as Executrix, etc.*, et al., v. JAMES E. COFFMAN.

No. 14,707. (86 Pac. 451.)

SYLLABUS BY THE COURT.

MORTGAGES—*Redemption—Mortgagee in Possession as Trustee —Limitation of Action.* Where a mortgagee takes possession of the real estate under an agreement with the mortgagor to collect the rents and profits and apply them upon the debt, the statute of limitations will not begin to run against the mortgagor's right to redeem until the mortgagee, with notice to the mortgagor, asserts title in himself.

Error from Kingman district court; PRESTON B. GILLETT, judge. Opinion filed July 6, 1906. Affirmed.

STATEMENT.

THIS was a suit to redeem certain lands from the lien of a mortgage. In 1892 James E. Coffman, who was the owner of a farm in Kingman county, was indebted to A. S. Hunter in the sum of $260. He conveyed the farm by warranty deed to Hunter to secure the debt, with an oral agreement that it should be a mortgage, and continued to occupy the land with his family as a homestead until in 1899, when the debt amounted to $675. He claimed in his petition that at that time, in order further to secure the debt, he had delivered possession of the farm to Hunter, and that

Hunter agreed to collect the rents and profits, pay the taxes, and apply the net proceeds upon the indebtedness, and, upon full satisfaction, to reconvey and deliver possession of the land to him.

In 1901 Hunter died, and this suit, in the nature of a bill to redeem, was brought in 1904 against Mary A. Hunter, as widow and executrix of his estate, and the other heirs of the deceased. It was alleged that the widow and heirs had refused an accounting and denied the trust; and that they were claiming that A. S. Hunter in his lifetime was the owner of the real estate by the deed of conveyance, and that the same was a deed absolute and not a mortgage.

On the trial the court submitted to a jury two questions: First, whether the deed was a deed absolute, intended to convey the title; second, was it a mortgage to secure certain indebtedness? To the first question the jury answered "No," and to the second question "Yes." The case was then tried to the court, and the court adopted the findings of the jury and, in addition, made separate findings of fact and conclusions of law. Judgment was rendered in favor of the plaintiff, declaring the instrument a mortgage and giving to the widow and heirs of Hunter a lien for taxes paid, amounting to $225, and a further lien for the sum of $922.10, the amount of the indebtedness found to be due. To reverse this judgment defendants bring the case here.

*H. C. Sluss,* and *C. W. Fairchild,* for plaintiffs in error.

*J. Q. Jenkins,* and *George L. Hay,* for defendant in error.

The opinion of the court was delivered by

PORTER, J.: Two of the findings of the court are challenged as not supported by any evidence. They are as follow:

"(4) The court finds that in the month of February,

1898, there was an accounting had between the said Coffman and the said Hunter, and that at that time there was due the said Hunter $670; that the said Coffman, being anxious to keep the debt from increasing, agreed that the said Hunter should from that time on receive the rents and profits from the land and apply the same on the debt, and that said Hunter did receive the same."

"(8) That the said Coffman and wife did not know until the year of 1903 that the said A. S. Hunter, or the administrator of his estate, or the heirs of the said Hunter, or any of them, were making any claim to the fee-simple title to the land in question, but had always supposed and believed that they and each of them regarded the said warranty deed only as a mortgage, and as a security for the debt due from Coffman to Hunter."

We have examined the record carefully and are satisfied that there is ample evidence to warrant each of these findings of fact. Under the well-established rule the findings of the trial court cannot be disturbed.

There remains but a single question, which is, after all, the principal one raised by the plaintiffs in error. It is that the statute of limitations begins to run against a bill to redeem the moment the debt secured by the mortgage becomes due. It is urged that the right to foreclose and the right to redeem are reciprocal rights, starting together like two fellows in a foot-race, with a straight course, a five-years' run, and no favors. In this case we are unanimously of the opinion that, as the court found that Hunter took possession for the purpose of collecting the rents and profits and of applying the proceeds upon the indebtedness, he occupied the position of a trustee, and that no statute of limitations would begin to run against a bill to redeem until his possession became adverse to the owner, or mortgagor. Until there was a renunciation of the trust, or some declaration or act to manifest a claim to hold adversely, there could be no adverse holding. (*Reihl v. Likowski,* 33 Kan. 515, 6 Pac. 886.) In *McPherson v.*

*Hayward,* 81 Me. 329, 17 Atl. 164, it was said in the syllabus:

"Where the mortgagee's possession was under an arrangement with the mortgagor, for him to hold possession of the property, and manage it until he should satisfy his claim from the proceeds, such possession is not adverse until the mortgagee's claim is satisfied, or he asserts an absolute title in himself, and gives distinct notice of it to the mortgagor."

To the same effect see: 2 Jones, Mort., 6th ed., § 1152; *Kohlheim v. Harrison,* 34 Miss. 457; *Knowlton v. Walker,* 13 Wis. 264; 1 A. & E. Encycl. of L. 817 and cases cited; Wood, Lim., 3d ed., § 224.

Equity will not permit one who holds as trustee to change the character of his possession into an adverse one by mere silence. The statute, it is clear, did not begin to run until the notice of the adverse holding or denial of the trust was given to the defendant in error, or until he would be by law held to have notice through some declaration or act of Hunter or those claiming under him.

We think the judgment of the court below gave to the plaintiffs in error all that in equity they were entitled to have—a lien for the payment of the taxes and indebtedness. The judgment is affirmed.

All the Justices concurring.