No. 18,776.

M. R. DOTY et al., *Appellants,* v. D. S. SHEPARD et al., *Appellees.*

### SYLLABUS BY THE COURT.

1. PLEADINGS—*Amendment to Conform to the Proof.* The rule that amendments to conform to the proof are discretionary with the trial court, followed.

2. QUIETING TITLE—*Construction of Inconsistencies in Pleadings.* A suit to quiet title to real estate on the theory that the debt for which it has been held as security has been paid, having been fully tried with all the parties before the court, should be determined according to the facts shown, although in order to do so certain inconsistencies in the pleadings and certain shifting of position of the pleader, not involving the real nature of the controversy, must be disregarded.

3. SAME—*Real Estate—Security for Debt—Award of Arbitrators—Limitation of Actions.* While certain real estate was held as security for a debt the owner and the holder arbitrated all their matters, and entered into a written contract to carry the award into effect, but failed so to do. *Held,* that while an action to enforce such award would have been barred in five years, a suit could thereafter be maintained to quiet title to the real estate on the ground that the debt had been paid; and in such suit the award and contract could be regarded as a basis fixing the rights of the parties at the time they were made, and should be considered together with the subsequent dealings of the parties in order finally to determine their rights in the property.

Doty v. Shepard.

Appeal from Shawnee district court, division No. 1; ALSTON W. DANA, judge. Opinion filed April 11, 1914. Affirmed in part and reversed in part.

*Edwin A. Austin,* of Topeka, and *J. T. Pringle,* of Burlingame, for the appellants.

*Joseph G. Waters, John C. Waters,* both of Topeka, and *J. H. Stavely,* of Lyndon, for the appellees.

The opinion of the court was delivered by

WEST, J.: The plaintiffs sued to recover from the defendants, Wilbur & Ross, possession of the first floor of a certain building known as the Doty building, and sued the other defendants in another action to quiet title to certain real estate known as the Tabor property. The two cases were consolidated. The pleadings of the plaintiffs alleged in substance a long and complicated course of dealing between M. R. Doty and H. D. Shepard, going back to 1886; an assignment to Shepard for the benefit of creditors, certain property taken by him to be held as security for loans and advancements, an agreement to arbitrate, an arbitration of all their matters of difference, an agreement to carry such arbitration into effect, that the report by the arbitrators was grossly wrong and fraudulently and corruptly made; that the agreement to carry it into effect was never carried out; that Shepard retained the real estate, including that involved herein, and continued to collect and retain the rents and profits thereof, which had more than paid the indebtedness of the plaintiffs; that H. D. Shepard died in April, 1904; that defendants Nellie P. Shepard and Emma D. Price, his daughters, and D. S. Shepard, his wife, had wrongfully collected the rents and profits for the past three years; that the plaintiffs were in equity the owners and entitled to immediate possession, and praying for an accounting of the true indebtedness of the plaintiffs to H. D. and D. S. Shepard and of the rents and profits,

that the indebtedness be adjudged fully paid and the possession and title of the plaintiffs be quieted, for judgment for rents and profits, and for general relief. By an amendment to comply with a motion it was alleged that the action was not based upon the award, but that the same and the agreement to carry it into effect were mere incidental facts. The answer pleaded the two-, five- and fifteen-year statutes of limitations and other matters.

The referee found among other things that at the date of the assignment Doty was the owner of the property involved herein, that the Tabor property was foreclosed upon in 1889, H. D. Shepard being the purchaser and having the same conveyed by sheriff's deed to L. A. Dutton, who conveyed to Nellie P. Shepard, no consideration having passed from either, all of the money being paid by H. D. Shepard; that the Doty store building was foreclosed upon in 1891, Shepard purchasing at sheriff's sale, deeding the same to his wife, D. S. Shepard; that about April, 1895, Doty and Shepard entered into an arbitration agreement to determine the differences pertaining to all property affairs in controversy between them of every kind and character; that the award was made and signed and accepted by the parties, and thereafter an agreement in writing was entered into between the Dotys and Shepard and wife and another to carry out the ward. That all of the instruments provided for in such agreement were executed and delivered to two of the trustees, but afterwards returned because it was said that neither side would carry out its agreement; that during all the years after the purchase of the property involved herein Shepard and his wife remained in possession and collected the rents, except that shortly before the death of H. D. Shepard, in 1904, M. R. Doty took possession of the room on the second floor of the Doty building and afterwards the remaining rooms on that floor without the knowledge or consent of the Shepards, and in

1910 moved into the Tabor property without the knowledge or consent of D. S. Shepard, and has continued to hold possession; that when Shepard purchased the Tabor property and the Doty store building he agreed to reconvey at any time the Dotys should repay the amount advanced, with interest, and demand reconveyance; that up to about March 25, 1907, sufficient rents and profits were collected from these properties, if properly applied, to repay with interest the purchase money advanced by Shepard after deducting for taxes, repairs and insurance; that since that time the rent received by D. S. Shepard from Wilbur & Ross amounts to the net sum of $510.10; that the award and the contract in pursuance thereof were not carried out or sought to be enforced by either party, except as stated in certain findings; that the assignment proceedings are still pending and have never been closed; that M. R. Doty has had possession of the Tabor property for ten months, worth $310, and that his occupancy of the second floor of the Doty building is worth $480; that both parties are now relying upon the award, and both claim that the same is valid and binding in every respect.

As a conclusion of law the referee found that the arbitration and award merged and extinguished all claims embraced therein, and that the plaintiffs' only remedy is the enforcement of the latter; that defendant Nellie P. Shepard is entitled to a judgment for $310 for occupancy of the Tabor property, and defendant D. S. Shepard to judgment for $480 for the use of the second story of the Doty building. The plaintiffs moved for leave to amend their petition to conform to the facts proven and make it an action to execute the contract between the plaintiffs and defendants to carry the award into effect, for an accounting and judgment that the same had been fully paid, and that the plaintiffs have their title quieted and for costs and other relief, which motion was denied. The referee delivered

an opinion in which he stated that the plaintiffs, having alleged that the case was not based upon the award and not brought for the purpose of enforcing it, were attempting to limit the right of relief to an accounting of the amount due on the purchase price of the real estate involved, and that this exact question was with others submitted to the arbitrators; that the plaintiffs' right of action accrued upon the publication of the award and the refusal of Shepard to perform it, and that any suit brought now to enforce it would be barred by the five-years statute of limitations.

We think this construction of the plaintiffs' pleadings is entirely justified by the language used in their various allegations, but their first complaint now is that they were not permitted to amend to conform to the facts, and in effect to conform to the views of the referee and treat the arbitration as binding. It seems fairly clear that although the award and contract made in pursuance thereof were not carried out, nevertheless the real estate in question was retained by the Shepards as security for the debt owed by the Dotys for money advanced by Shepard. And so long as this situation continued it would seem that under proper pleadings the plaintiffs should be entitled to show that the indebtedness had been extinguished and that they were entitled to a reconveyance of the real estate or to have their title quieted. The fault for not carrying out the arbitration and the agreement appears to be as much on one side as on the other, and while the failure to carry it out does not change the status of the transactions and the obligations fixed thereby, neither should it prohibit either party from showing a subsequent course of dealing and the rights acquired in consequence thereof.

There is nothing in the findings to indicate that Shepard repudiated the trust or did anything to change his status as creditor of the Dotys for the sums advanced when he bought in the properties and placed the

title where he did.  And while this relation continued
the statute of limitations would not begin to run against
an action by the debtor to redeem (*Hunter v. Coffman,*
74 Kan. 308, 310, 86 Pac. 451; *Clark v. Shoesmith,* 91
Kan. 797, 139 Pac. 426), and it certainly would, not
have run against an action to quiet title (*Cooper v.
Rhea,* 82 Kan. 109, 107 Pac. 799; *Bank v. Bay,* 90 Kan.
506, 135 Pac. 584).  Defendants D. S. and Nellie P.
Shepard are found to be legal title holders who paid no
consideration.  Mrs. Shepard signed the agreement to
carry out the arbitration and therefore holds subject
to whatever rights, if any, of the Dotys remain in the
property.  There is no finding as to whether the daugh-
ter thus holds or not, or as to her right to avail herself
of the fifteen-year statute of limitation pleaded.

When the referee's report came in and the motion
was made for leave to amend to conform to the facts
the court had all the parties before it, the action was
equitable in its nature, and had the leave been granted
the end of long-protracted litigation might have been
reached.  But under the settled rule the matter rests
in the discretion of the trial court, and its ruling must
be deemed final unless it appears that such discretion
was abused, and the circumstances do not justify such
holding.  However, as the parties had all assumed the
attitude, as found by the referee, of treating the arbi-
tration as in all respects valid and binding, notwith-
standing the allegation of its invalidity found in the
plaintiffs' petition, we see no reason why the case should
not now be treated and regarded accordingly.  The
award and the subsequent contract make it plain that
the rights of the parties thereto were fixed and deter-
mined at the time, and starting with such determina-
tion as a basis no reason is apparent why the rights
subsequently accruing may not be finally adjusted in
this action, and this regardless of any question of
amending the petition.  The plaintiffs, charging the
award to have been fraudulent, nevertheless attempted

to treat it as an incident in the dealings between the parties to it, and the proofs showed it to be correct and valid. But regardless of its validity or invalidity, they were seeking to quiet their title to the property in question upon the theory that the indebtedness to secure which it had been taken over by Shepard had been paid. The award, which expressly covered this property, simply fixed the rights of the parties at the time, and while either might have proceeded to enforce its observance by the other, their failure so to do did not destroy its binding effect. The referee having found that in March, 1907, this debt had been paid as to the properties here involved, the rights of the parties ought to be adjudicated accordingly. We can not agree that the plaintiffs are barred from the relief sought on account of the five-year statute of limitations, and for that reason the judgment must be reversed. There is no necessity, however, to retry the entire matter. We find nothing wrong with the referee's findings of fact, which were approved by the trial court, but it should also be ascertained and found what the rights of Nellie P. Shepard are in the Tabor property. When this is done, and the result added to the findings already made, the rights of the parties can easily be determined.

A parcel of land over which there is no contest was covered by the judgment which in that respect will be affirmed.

The judgment in other respects is reversed and the cause remanded with directions to determine the rights of defendant Nellie P. Shepard in the property claimed by her, and render such judgment as such determination together with the findings of fact heretofore made shall warrant.