No. 20,215.

M. R. DOTY AND C. M. DOTY, *Appellees*, v. D. S. SHEPARD et al., *Appellants*.

### SYLLABUS BY THE COURT.

1. NEW TRIAL—*Motion Filed Out of Time—Matters for Review.* Failure to file a motion for a new trial, or filing such motion out of time, does not justify the dismissal of an appeal, but merely restricts the scope of the review of the cause which is appealed.

2. APPELLATE JURISDICTION—*Hearing Further Testimony on Appeal.* The interpretation of section 580 of the civil code announced in *Hess v. Conway*, 93 Kan. 246, 144 Pac. 205, is followed.

3. DEED—*Given as Security—Debt Paid—Reconveyance.* When possession of property is held by a creditor under an agreement that he will reconvey when he has been fully reimbursed by rents and profits for funds advanced and for taxes and incidental expenses paid by him, the debtor is entitled to recover possession when the creditors' claims are satisfied.

4. SAME—*Quieting Title in Debtor.* When title to property is held by a person named by the creditor under the circumstances suggested in paragraph 3 of the syllabus, an action to quiet the debtor's title will lie when the creditor has been fully reimbursed.

5. TITLE—*Held for Another—Quantity of Estate Held.* One who holds title to property for another, without personal interest therein, holds title only to such legal and equitable interests in the property as were vested in his *cestui que trust.*

6. SAME. One who acquires title to property by quitclaim deed and without personal consideration holds only the estate of the party through whom his title was acquired, and if that estate was defeasible or terminable, and the conditions under which it might be defeated or terminated have transpired, the title of the grantee under the quitclaim deed can not prevail against one having a valid claim to the property.

Appeal from Shawnee district court, division No. 1; ALSTON W. DANA, judge. Opinion filed June 10, 1916. Affirmed.

*Joseph G. Waters, John C. Waters, R. W. Blair, C. A. Magaw,* and *T. M. Lillard,* all of Topeka, for the appellants.

*Edwin A. Austin,* of Topeka, and *J. T. Pringle,* of Burlingame, for the appellees.

The opinion of the court was delivered by

DAWSON, J.: All of the matters involved in this lawsuit except one are already *res judicata*. (*Railroad Co. v. Thisler*, 96 Kan. 184, syl. ¶ 2, 150 Pac. 580.) When this case was here before (*Doty v. Shepard*, 92 Kan. 122, 1041, 139 Pac. 1183, 141 Pac. 1013) it was said:

"We find nothing wrong with the referee's findings of fact, which were approved by the trial court, but it should also be ascertained and found what the rights of Nellie P. Shepard are in the Tabor property. When this is done, and the result added to the findings already made, the rights of the parties can easily be determined." (p. 128.)

The district court sent the case to the referee, who made the following findings of fact and conclusion of law:

"I. In addition to the findings and conclusions included in the report already made by me in this action, I find from the evidence that on or about the nineteenth day of August, 1889, H. D. Shepard, the husband of the defendant D. S. Shepard and the father of the defendant Nellie P. Shepard, purchased at sheriff's sale in Osage County, Kansas, Lots Twelve (12), Thirteen (13), Fourteen (14) and Fifteen (15) in Block Eighteen (18) in the City of Burlingame, and had the same conveyed by the sheriff of Osage County to one Max Buek for the sum of $1251; that the purchase price was paid by the said H. D. Shepard; that afterwards and on the seventh day of November, 1889, the said Max Buek and his wife executed and delivered a quit claim deed by which they conveyed said realty to one Loren A. Dutton; that said Dutton paid nothing for the said conveyance and has never had possession of said real estate or claimed any interest therein; that afterwards and on the twenty-fifth day of January, 1906, the said Loren A. Dutton executed and delivered a quit claim deed by which he conveyed said real estate to the defendant Nellie P. Shepard.

"II. That said Nellie P. Shepard paid no consideration for said conveyance and the said Loren A. Dutton received nothing therefor.

"III. That after the purchase of said property at the sheriff's sale in August, 1889, as hereinbefore found, the said H. D. Shepard went into the possession thereof and collected the rents and profits thereof until his death, which occurred in the year 1904.

"IV. That after the death of said H. D. Shepard, the defendant D. S. Shepard, who is the mother of the defendant Nellie P. Shepard, collected the rents from the said real property until the month of March, 1910, upon which date the defendant M. R. Doty took possession thereof, as I have already reported in the original report filed in this action.

"V. That when said H. D. Shepard purchased the said real property as hereinbefore found, he agreed with M. R. Doty and C. E. Doty to advance the money for the purchase price thereof and to re-convey the property to M. R. Doty or C. E. Doty at any time that they should pay him the

amount that he was required to pay for the same, together with the interest thereon. There was no time fixed for the re-payment of the said purchase money. The money was to be paid to the said Shepard and the reconveyance made whenever the said Dotys demanded it.

### CONCLUSION OF LAW.

"The Supreme Court has decided in this action that when H. D. Shepard purchased the said real property as I have hereinbefore found, that he held it simply for the purpose of security for the purchase money advanced by him and that after he had remained in possession of the same and collected rents and profits sufficient to repay him the purchase money and interest thereon, after deducting taxes and other legitimate expenses, this claim to the property was satisfied and the Dotys were entitled to a decree quieting title to the property as against the said Shepard. I am, of course, bound by that decision, and I, therefore, recommend as a conclusion of law that the plaintiffs' title be quieted against Nellie P. Shepard because she has never paid anything for the property and is, therefore, not a *bona fide* purchaser for value. She has not been in the open, notorious and exclusive possession of the property, claiming to be the owner thereof for a period of fifteen years, and therefore, the fifteen years' statute of limitations can not avail her in this action."

The district court gave judgment accordingly.

These findings of the referee were filed March 27, 1915. A motion for a new trial was filed on March 31, 1915. The appellee contends that this was too late. In *Bank v. Refining Co.,* 91 Kan. 434, 438, 139 Pac. 587, it was said that a finding of fact by a referee has the effect of a special verdict, and such is the language of the statute (Civ. Code, §§ 300, 305, 306; *Savage v. Challiss,* 4 Kan. 319, syl. ¶ 2). Even if this point be overlooked, and if it should be held that the motion for a new trial was not due until the district court gave judgment on the referee's findings, still the findings of fact must stand, since no motion for a new trial was filed after the judgment was entered.

But the failure to file a motion for a new trial, or merely filing such motion too late for consideration, does not necessitate the dismissal of an appeal. It merely limits the scope of the review. (*Perkins v. Accident Association,* 96 Kan. 553, 555, 152 Pac. 786.) In such case, however, we must take the facts as determined and test the accuracy of the judgment thereon. This, however, leaves little to discuss in this case. Here all questions as to the competency and sufficiency of the

evidence are foreclosed. So, too, any claims that Nellie P. Shepard was entitled to be subrogated to the rights of a mortgagee for the mortgage placed on the property by Dutton while he held the title for Nellie P. Shepard's father was either presented or waived, for, when parties are engaged in a lawsuit, all the incidents of the controversy must be pleaded and pressed that there be an end of litigation. The findings of fact do not show and it certainly can not be presumed that this mortgage was for the benefit of Doty. A motion is made by new counsel in this case to introduce additional evidence in this court not considered below. This can not be allowed. (*Hess v. Conway,* 93 Kan. 246, 144 Pac. 205.) We have looked into this proffered evidence, however, and it only shows that while the naked legal title was in Dutton he mortgaged the property, and later, on his demand, H. D. Shepard paid off the mortgage, taking an assignment thereof in the name of another kinsman. Counsel for appellant assures us that this mortgage has been paid, but we can not see that Doty's rights are in any wise affected by this mortgage.

Nellie P. Shepard and her predecessors in the chain of quitclaim conveyances, Dutton and Buek, holding as they did without consideration and merely for the convenience of H. D. Shepard, had no interest in this property except that of naked title holders for H. D. Shepard. (*Johnson v. Williams,* 37 Kan. 179, 182, 14 Pac. 537; *Goddard v. Donaha,* 42 Kan. 754, 756, 22 Pac. 708.) Since the interest of H. D. Shepard and that of his estate and of his heirs terminated when sufficient rents had been collected to reimburse him for moneys paid out on Doty's account, Nellie P. Shepard is no longer entitled to hold the legal title against the Dotys. That there has been such full reimbursement is foreclosed by the original findings of fact:

"XXIV. Up to about the 25th day of March, 1907, H. D. Shepard and D. S. Shepard collected rents and profits from the Tabor property and the Doty store building in sums sufficient, if properly applied, to repay the purchase money, with interest, which was advanced by H. D. Shepard at the time of the purchase of said property after deducting all of the taxes paid, all of the insurance paid, and all amounts expended for repairs made by the Shepards, and interest thereon."

Under the arrangement between H. D. Shepard and M. R. Doty, Shepard was entitled to the possession, rents and profits,

and his successive title holders, Buek, Dutton and Nellie P. Shepard, were entitled to hold the title until March 25, 1907, and this action was begun on March 26, 1910, consequently all discussion of the statute of limitations is irrelevant.

The judgment is affirmed.