No. 24,849.

GORDON J. MAY and FRANK RUSH, copartners doing business as
MAY AND RUSH PRINTING COMPANY, *Appellees*, v. MIDWESTERN
PAPER COMPANY, *Appellant*.

SYLLABUS BY THE COURT.

WRONGFUL ATTACHMENT—*Action for Damages*. Various assignments of error
in an action for damages for wrongful attachment held not to be well-
founded.

Appeal from Wyandotte district court; division No. 1; EDWARD L. FISCHER,
judge. Opinion filed April 5, 1924. Affirmed.

*George D. McIlrath*, of Kansas City, Mo., for the appellant.
*William K. Ward*, of Kansas City, for the appellees.

The opinion of the court was delivered by

HOPKINS, J.: The action was one for damages on account of
alleged wrongful attachment. Plaintiff prevailed and defendant ap-
peals.

The testimony showed that John Flanders and J. P. Wilson for
a short time operated a printing plant in Kansas City, Kan. They
had some disagreement, Wilson left and Flanders continued to oper-
ate the business. After a short period of operation he sold the plant
to his uncle, J. D. Flanders, in consideration of certain indebtedness
owing by him to his uncle. Afterwards J. D. Flanders sold the prop-
erty to May and Rush (plaintiffs here). They made an initial pay-
ment of $150 with an agreement to execute notes and mortgage for
the balance. Before the notes and mortgage were delivered, but
after possession had been relinquished to the plaintiffs and the
plant was being operated by them, an attachment was issued against
the property in an action by the Kansas City Paper House against
John Flanders and J. P. Wilson. The levy was made by the marshal
of the city court of Kansas City, who appointed May custodian and
permitted plaintiffs to operate the property. Some days afterwards
the Midwestern Paper Company (defendant here) filed an action
against Flanders and Wilson, attached and took possession of the
same property, had locks put on the door, and deprived the plaintiffs
of the use thereof. The plaintiffs filed an interplea in the action of
the Midwestern Paper Company against Flanders and Wilson; also

a motion to dissolve the attachment. On a hearing of the motion, some five weeks later, the attachment was dissolved. On account of the alleged damages resulting from the wrongful attachment of their property, the plaintiffs filed this action. Trial was to the court, and, on September 23, 1922, judgment was rendered in favor of plaintiffs for $200. On October 5, 1922, the defendant filed its motion for a new trial, setting up eleven separate reasons why it should have a new trial, among them, "Because the court erred in admitting incompetent, irrelevant and immaterial and prejudicial evidence offered by the plaintiff over the objections of the defendant; . . . because the verdict and decision of the court is contrary to and against the greater weight of the evidence."

The statute provides:

"The application for a new trial except for the cause of newly discovered evidence, must be made by written motion stating the grounds therefor, filed within three days after the verdict or decision is rendered, unless unavoidably prevented." (R. S. 60-3003.)

No reason was assigned why the motion for new trial was not filed in the required time. It was filed too late. This, however, does not necessarily require a dismissal of the appeal. It merely limits the scope of the review. (*Perkins v. Accident Association,* 96 Kan. 553, 152 Pac. 786; *Doty v. Shepard,* 98 Kan. 309, 158 Pac. 1.)

We have, however, examined the record and find sufficient testimony to support the judgment. We have also examined the various assignments of error but find nothing which would warrant a reversal.

The judgment is affirmed.