No. 40,679

BARBARA BOHANNON, *Appellee*, v. (VANCE COOPER, *Defendant*), VIOLA MENDENHALL PINKSTON, *Appellant*.

(319 P. 2d 167)

Opinion filed December 7, 1957.

*Forest V. McCalley* and *Earl M. Clarkson, Jr.,* both of Wichita, argued the cause, and *B. G. Tudor,* of Wichita, was with them on the brief for the appellant.

*Pat Warnick,* of Wichita, argued the cause, and *Roy L. Rogers* and *Alan B. Phares,* both of Wichita, were with him on the brief for the appellee.

The opinion of the court was delivered by

PARKER, C. J.: This is an appeal from an order overruling a demurrer to a second amended petition in an action to have a warranty deed declared a mortgage and recover other incidental relief.

Plaintiff commenced the action against Vance Cooper only by filing a petition in the district court of Sedgwick County on June 3, 1953. Due to the incomplete record presented by the parties, which is wholly void of any information with respect to that situation, we have no way of determining what happened in this case between June 3, 1953, and May 30, 1956. However, from matters to be presently mentioned it may be inferred, and we therefore assume, that during such interim an amended petition substantially the same as the original, was filed by the plaintiff and the defendant Vance Cooper filed an answer joining issues on all questions relating to whether the absolute deed in controversy was executed as security for a debt and therefore to be regarded as a mortgage.

In any event, the inadequate record before us discloses that the case was called for trial and partially tried on May 30, 1956; that on the morning of the following day the plaintiff orally moved to make Viola Mendenhall Pinkston an additional party defendant with leave to amend her petition so as to include fraud and misrepresentation on the part of both Vance and Viola; and that after consideration of such motion the court found that Viola was a necessary party to the determination of the rights of all parties, and ordered that plaintiff amend her petition by making Viola a party defendant and by making appropriate allegations to join issues with such defendant, including permission to incorporate in such amended petition allegations of fraud and misrepresentation.

The record further discloses that after action as above related, and pursuant to such order, plaintiff filed her second amended petition. That pleading reads:

"1. That when said cause was originally filed, she was a resident of Wichita,

Sedgwick County, Kansas; that presently she resides in the State of Wyoming; that the said defendants, Vance Cooper and Viola Mendenhall Pinkston, at the time said action was originally filed, resided in Wichita, Sedgwick County, Kansas, but that since said time both of said defendants have changed their place of residence to East Buffalo, Neosho County, Kansas.

"2. That on the 17th day of December, 1952, and prior thereto, the plaintiff was the owner and in possession of the following described premises:

"Lots 9 and 11, Mascot Avenue, Mosteller's Addition to Wichita, Sedgwick County, Kansas;

that said property had a fair market valuation of approximately $6850.00.

"3. That upon December 17th and the few months prior thereto, the plaintiff was in need of cash, and consequently borrowed from the defendant the approximate sum of $670.00 for a period of not over two years.

"4. That to secure the payment of said loan, the plaintiff executed and delivered to the defendant a warranty deed dated December 17, 1952, which was recorded on December 19, 1952, in Book 871, Page 491, of the records of the Register of Deeds Office. That even though said deed was regular in form, it was intended by both plaintiff and defendant to be a mortgage only, and to stand as security for the repayment of said loan, and to serve for no other purpose. That immediately upon the filing of said deed, the defendants entered into possession of said premises on said date, and have been in continuous possession since that time, and have recently advertised the sale of said premises by a signboard placed in the yard thereof. The defendants further have refused to discuss ownership of the property with the plaintiff, and from all outward appearances, and from statements they have made, have taken the position that they are the absolute owners.

"5. That the plaintiff is now in a position to repay the defendant, Vance Cooper, the money she borrowed from him less any sum which he may owe her for rent and occupancy of said premises from December 19, 1952, to date. Even though the plaintiff has undertaken to discuss repayment of the loan by and through her mother and her aunt, the defendants refused to talk with them, and insisted upon retaining possession of said premises, and insisted upon maintaining a 'For Sale' sign in the front yard.

"6. That the plaintiff is now ready to pay said loan and hereby offers to pay the money to the office of the Clerk of the Court just as soon as the amount owing can be established.

"7. Plaintiff further alleges that at all times that the defendant, Vance Cooper, occupied the premises herein described, the defendant, Viola Mendenhall Pinkston, lived with him at said premises, and that she still lives with him and that at all times material hereto has occupied the same dwelling as the defendant, Vance Cooper, and had full knowledge of the fact that said deed executed by this plaintiff to the defendant, Vance Cooper, and dated December 17, 1952, was intended by both the plaintiff Barbara Bohannon, and the defendant, Vance Cooper, to be a mortgage and act as security only for the loan hereinbefore referred to.

"8. Plaintiff further alleges that subsequent to December 17, 1952, the defendant, Vance Cooper, and the defendant, Viola Mendenhall Pinkston, with intent to defraud this plaintiff of her property, and more particularly, Lots 9

and 11, Mascot Avenue, Mosteller's Addition to Wichita, Sedgwick County, Kansas, did cause a Warranty Deed to be executed and delivered wherein the defendant, Vance Cooper, was the grantor and the defendant, Viola Mendenhall Pinkston, was the grantee, said deed being duly recorded in the Office of the Register of Deeds of Sedgwick County, Kansas; that said deed was caused to be executed and delivered with the intent on the part of the said defendants, and each of them, to fraudulently obtain fee title to said property from said plaintiff, when the defendants, and each of them, well knew that said deed dated December 17, 1952, from the plaintiff to the defendant, Vance Cooper, was for security purposes only, constituting security for the loan herein referred to; that a photostatic copy of said deed is hereto attached, marked Exhibit 'A,' and made a part hereof by reference.

"9. Plaintiff further alleges that the fraudulent practice and acts on the part of the defendants, and each of them, as herein stated were not discovered or known to the plaintiff until May 24, 1956, at which time plaintiff first discovered the same.

"WHEREFORE, plaintiff prays judgment that the deed dated December 17, 1952, from this plaintiff to Vance Cooper be determined as a mortgage; that an account be made of the amount due defendant, Vance Cooper, after deducting fair and reasonable rental for said premises; that upon payment by plaintiff of the amount due, defendant, Vance Cooper, be required to deed said property to this plaintiff and to return possession of premises to plaintiff; that the deed from defendant, Vance Cooper, to the defendant, Viola Mendenhall Pinkston, be declared void, cancelled and set aside, and that this plaintiff be determined the absolute owner in fee simple of the title to said premises, and to said real property, and for such other and further relief as to the court may seem equitable and proper."

For informative purposes it is of interest to note that the deed, identified in the foregoing pleading as Exhibit "A," was filed for record on June 2, 1953, in the office of the Register of Deeds of Sedgwick County and that, except for changes in language required to include two defendants instead of one, the allegations of paragraphs 2, 3, 4, 5 and 6 of such pleading are substantially the same in form and import as those made by plaintiff in like numbered paragraphs of her original petition.

Following the filing of the second amended petition Viola filed a demurrer to that pleading which was presented and argued on the premise it failed to state a cause of action because it disclosed on its face the action was barred by the statute of limitations. (G. S. 1949, 60-306, *Third.*) Upon the overruling of such demurrer she perfected the instant appeal.

Cutting through form to substance, and giving it the benefit of inferences to which it is entitled on demurrer, the petition charges that the deed executed by appellee to Cooper was at all times

known and intended by the parties, including appellant, to be an equitable mortgage; that after its execution, and notwithstanding their knowledge of his limited interest in the property, Cooper and appellant with intent to defraud appellee caused a warranty deed to be executed by Cooper to appellant at a time when all parties (appellee, appellant and Cooper) knew the deed from appellee to Cooper constituted an equitable mortgage only; and that none of the fraudulent acts and practices of the appellant and Cooper in that regard, who were living together at all times material to the cause, was discovered or known by appellee until May 24, 1956. It is to be noted such discovery is alleged to have occurred long after the action to set aside the deed had been commenced and within just a few days from the date on which appellant was made a party to the action and appellee's amended petition, as heretofore quoted, was filed.

The gist of all contentions advanced by appellant in support of her position the order overruling the demurrer was erroneous is based on the proposition that the recording of the deed from appellee to Cooper on December 19, 1952, and the recording of the deed from Cooper to appellant on June 2, 1953, gave appellee constructive notice of Cooper's repudiation of the alleged equitable mortgage and the other fraudulent acts relied on by appellee to sustain her cause of action, hence it was barred by 60-306, *Third*, notwithstanding the provisions of that section of the statute provide that "the cause of action in such case shall not be deemed to have accrued until the discovery of the fraud."

The trouble with all contentions advanced by appellant on this point comes from her failure to recognize this, in essence, is a suit to have a deed declared an equitable mortgage. In actions of such character this court is committed to the rule constructive discovery does not apply and the statute of limitations does not begin to run until actual notice of the fraud. For what is perhaps our leading case on the point see *Miller v. Cloney*, 123 Kan. 538, 256 Pac. 159, where it is held:

"The execution of a deed, absolute in form, intended by the parties as a security for an indebtedness will be treated as a mortgage, and their contemporaneous agreement evidencing such intention may be shown by parol proof.

"Where the grantee, so-called, recognizes the intention and agreement for a time, but later renounces his trust and claims the instrument was an outright conveyance, which vested the absolute title in him, an action may be

brought by the grantor to declare the instrument to be a mortgage and for other relief within two years after the actual discovery of the fraudulent renunciation of the trust by the grantee.

"The rule of constructive discovery does not apply where the grantee in the instrument mentioned, executed a mortgage on the property which is placed on record, and the statute of limitations does not begin to run until the actual discovery of the fraud by the grantor." (Syl. ¶¶ 1, 2 and 3.)

and at page 541 of the opinion said:

"As to the contention that this is an action based on fraud which must be brought within two years after the discovery of the fraud, and that plaintiff must be held to have discovered the fraud when Cloney placed a mortgage on the land, which was recorded in 1922, while the legal title of the land was in Cloney, it was held by him only in trust until the obligations against it had been paid. Until he renounced the trust and claimed ownership as against plaintiff, the statute did not begin to run. (*Hunter v. Coffman*, 74 Kan. 308, 86 Pac. 451; *Clark v. Shoesmith*, 91 Kan. 797, 139 Pac. 426.) While the defendant Cloney placed a mortgage on the property which was recorded in 1922, the plaintiff had no actual knowledge of it nor any notice that he claimed adverse ownership until 1923. The rule of constructive discovery does not apply in cases of this kind. The fraud was not in the execution of the instrument, but it was in the subsequent repudiation of the agreement and trusteeship of Cloney. Until the plaintiff had actual notice of the fraud, the statute did not begin to run. It was not set in motion by the so-called constructive discovery. (*Duffitt v. Tuhan*, 28 Kan. 292; *Doyle v. Doyle*, 33 Kan. 721, 7 Pac. 615; *St. Clair v. Craig*, 77 Kan. 394, 94 Pac. 790, 101 Pac. 3.) The action was brought within two years from the time the fraud was actually discovered by the plaintiff."

See, also, *Leeka v. Yount*, 145 Kan. 155, 64 P. 2d 24, where the rules announced in the three paragraphs of the syllabus of the foregoing decision are quoted at length and adhered to.

Based on the foregoing decisions we have no hesitancy in concluding that under the facts, conditions and circumstances set forth at length in the second amended petition the appellant's position that pleading fails to state a cause of action because it was barred by the statute of limitations (60-306, *Third*) lacks merit and cannot be upheld.

Finally it should be stated that in order to avoid saying anything which might be prejudicial to the parties in a trial we have purposely refrained in this opinion from mentioning any matters respecting the existence of defensive facts and circumstances which might be involved in this case after joinder of issues on the merits of the cause. Whether appellee can sustain the burden of proving the allegations of her second amended petition or appellant establish defenses with respect thereto, which can defeat recovery in

the action, are not matters with which we are presently concerned under the limited appellate issue involved. All we are now warranted in holding is that under the facts, conditions and circumstances set forth and described in the challenged petition the trial court's action in overruling the demurrer to that pleading was proper and must be affirmed.

It is so ordered.