HENRY MORELL *et al.*, *vs.* R. W. MASSA.

More than three years having elapsed from the entry of final judgment in the court below, before the order of revivor, against the administrators was made, without the plaintiff's having taken the steps necessary to bring the parties before the court, *held*, that the right to prosecute a writ of error was lost.

The supreme court cannot enlarge the time in which the writ of error can be sued out, nor will it obtain jurisdiction by an order of revivor subsequently issued.

The rule, that statutes of limitation must be specially pleaded, does not apply to statutes limiting the time in which appeals or writs of error can be held.

*Douthitt and Greer*, for plaintiffs in error.

I. Had the cause been appealed and tried under the statutes of 1855, they would not have had authority to try it. (*Stat.* 55, *p.* 639.) The proceedings were under the code of 1858. (§ 602, *p.* 167.) Code of 1858 took effect the first of April, 1858. (§ 614, *p.* 169.)

II. The organic law says that the proceedings in error shall be regulated by law. (§ 27, *p.* 36.)

III. The code of 1858 prescribed the regulations for writs of error and appeals to reverse the judgments of inferior courts. (*Code of* 1858, § 515, *p.* 153.)

The supreme court acquires jurisdiction only by a strict compliance with the regulations of the code. (6 *Ohio, p.* 490, 495; *Digest, Nash,* 397.)

The action of the court without jurisdiction is void. (1 *Carter,* 132; 4 *Blfd.,* 169; 13 *Ohio* 218; 19 *Ohio* 236; 12 *Ohio,* 271; 15 *Ohio,* 441; 6 *Pick.,* 239; 6 *How.* 186; 2 *How.* 59; 10 *Peters,* 474.)

The court did not take jurisdiction under the statute of 1855. It having been repealed, was not in law. Nor under the statute of 1858, its requirements not having been complied with.

Morell and others *v.* Massa.

The statute of limitations must be pleaded. (1 *Chitty's Pleadings*, 476.)

By the Court, KINGMAN, J. Final judgment was rendered in this cause on the 15th day of November, A. D. 1858, in the district court sitting in and for the county of Shawnee.

The petition in error with the transcript was filed in this court on the 7th day of January, 1861. No precipe for summons has been filed in the case and no summons has been issued.

On the 17th day of February, 1862, the death of defendant in error was suggested, and, on motion of plaintiffs in error, an order of revivor was made against the administrator of the decedent. This order of revivor was served on the administrator, R. W. Massa, on the 23d day of April, 1862.

Section five hundred and thirty-five of the code of practice limits the time for commencing proceedings for reversing, vacating or modifying judgments or final orders, to three years.

More than that length of time having elapsed before the order of revivor was made in the case without the plaintiffs having taken the steps necessary to bring the parties before the court, the right to prosecute a writ of error was lost. The statute has fixed the time in which the writ of error can be sued out. This court can not enlarge that time, nor will it obtain jurisdiction by the order subsequently issued.

There was, legally, no cause before the court when the order was made. It is urged by counsel that the statute of limitations must be specially pleaded, but the rule does not apply to statutes limiting the time in which appeals or writs of error can be had. Besides, the code provides for no answer to petitions in error. The proper mode seems to be by motion or suggestion to the court.

This case will therefore be stricken from the docket.