GABRIEL SCHMUCK *et al.*, *Appellees,* v. THE MISSOURI, KANSAS & TEXAS RAILWAY COMPANY, *Appellant.*

No. 17,631.

SYLLABUS BY THE COURT.

1. APPEAL—*From District Court—When Perfected.* Under the provisions of the code of 1909 an appeal is perfected so far as to give this court jurisdiction thereof when notice of appeal with proof of service has been filed with the clerk of the trial court, and the failure or neglect of such clerk to send up the papers until after the expiration of a year from the rendition of the judgment or order appealed from will not prejudice the rights of appellant or defeat this court's jurisdiction.

2. ———— *Jurisdiction—Dismissal.* The failure of the appellant to follow up his appeal by compliance with the rules of this court respecting security for costs, payment of docket fees, service of abstracts and briefs may furnish grounds for dismissal of the appeal, but can not defeat the jurisdiction of the court or affect the computation of the period within which the appeal must be perfected.

Appeal from Cherokee district court. Opinion filed July 7, 1911. Motion to dismiss denied.

*John Madden,* and *W. W. Brown,* for the appellant.
*Edward E. Sapp,* for the appellees.

The opinion of the court was delivered by

PORTER, J.: The appellees move to dismiss the appeal. The principal ground of the motion is that the appeal was not perfected until after the expiration of one year from the date of the rendition of the judgment. It appears that the notice of appeal, together with proof of service thereof, was filed with the clerk of the trial court October 17, 1910. The judgment was rendered March 7, 1910, and it was not until May 6, 1911, that the certified copies of the notice, proof of service and judgment were filed here. It is true that the code of 1909 provides that appeals shall be perfected within one year from the date of the rendition of the judgment or order appealed from (§ 572), but it also provides (§ 569) that the appeal is "perfected" by service of notice and proof thereof being filed with the clerk of the trial court. The language of section 569 is that "appeals to the supreme court shall be taken by notice filed with the clerk of the trial court," and there is a provision for service of a copy of the notice on the adverse party and proof of such service to be filed with the clerk. In section 570 it is declared that: "When the appeal is perfected and proof of service of notice of appeal . . . is filed with the clerk of the trial court, he shall forthwith make a certified copy of such notice and proof of service . . . and transmit the same to the clerk of the supreme court, together with a certified copy of the journal entry of the judgment or order appealed from."

When the party appealing has complied with all that the law requires of him in order to perfect an appeal his rights can not be prejudiced nor can the jurisdiction of this court be defeated by the failure of the clerk of the trial court to perform a duty which the statute imposes upon him.

An appeal is "perfected" so far as to give this court jurisdiction when the notice with proof of service has been filed with the clerk of the trial court. Of course the failure of the appellant to follow up his appeal by compliance with the rules of the court with respect to security for costs, payment of docket fees, service of abstract or brief may furnish grounds for dismissal of the appeal; but a failure of compliance with any or all of these rules on the part of the appellant will not defeat the jurisdiction of the court or affect the computation of the period within which the appeal must be perfected.

It is stated in an affidavit of the clerk of the trial court, filed in support of the motion, that he received the notice of appeal with proof of service enclosed in a letter from the general attorney of appellant with instructions to file the same; that after he had filed these papers he asked the local attorney of appellant, who was also an attorney in the case, whether he wished the appeal forwarded to the supreme court, and that in substance the local attorney said he did not know but would find out and tell him; that he never was directed by such local attorney or by anyone else to forward the papers to the supreme court. The statute (Code 1909, § 570) made it his duty to transmit the certified copies forthwith, and it was not necessary for him to wait for directions from any person before complying with his duty in the matter. If the appellant's attorney, after the appeal had been perfected, had directed the clerk not to transmit to this court certified copies of the notice of appeal, proof of service and judgment, or to withhold such transmission until further directions were given, an entirely different question would be presented.

Another ground urged in support of the motion is the failure of appellant to serve an abstract within four months from the time the appeal was perfected, in accordance with rule 12, which provides that for such

29—85 KAN.

failure "the court may continue or dismiss the cause, or affirm or reverse the judgment." Under the circumstances here no good reason appears why the case should be dismissed. The regular course of the appeal was changed by the failure of the clerk of the trial court to send up the papers. The appellant is allowed sixty days for service of abstract and the motion to dismiss is denied.