HENRY G. FISHER, *Appellee,* v. S. E. SPILLMAN *et al., Appellants.*

No. 17,223.

SYLLABUS BY THE COURT.

1. NEGOTIABLE INSTRUMENTS—*Assumption of Debt by Third Party—Principal and Surety—Extension—Release of Surety. Stove Works v. Caswell,* 48 Kan. 689, 29 Pac. 1072, and *Mulvane v. Sedgley,* 63 Kan. 105, 64 Pac. 1038, followed, and *held,* in an action on a promissory note that an answer admitting the execution and delivery of the note and alleging that it was secured by a mortgage on certain real estate in Iowa, that the defendants afterward sold and conveyed the land to a third person, who assumed and agreed to pay the mortgage indebtedness, that the plaintiff as payee accepted him as his creditor and afterward, without the knowledge or consent of the defendants, made a valid agreement with the purchaser extending the time of payment of the debt, states a good defense.

2. ―――― *Assumption of Debt—Statute of Frauds.* Neither the promise of such purchaser to the debtor to discharge his indebtedness nor the acceptance by the creditor of the purchaser as his debtor is within the statute of frauds.

3. PLEADINGS—*Unverified General Denial—No Issue Raised.* In an action on a promissory note brought by the payee an unverified general denial raises no issue.

4. APPEALS—*Abstract Need Not Show Notice of Appeal.* No provision of the code of civil procedure nor any rule of court requires the abstract to show notice or proof of notice of appeal.

Appeal from Allen district court. Opinion filed October 7, 1911. Reversed.

*H. A. Ewing, S. A. Gard, G. R. Gard, A. H. Campbell,* and *John F. Goshorn,* for the appellants.

*Travis Morse,* and *G. E. Pees,* for the appellee.

The opinion of the court was delivered by

PORTER, J.: Action on a promissory note and interest coupons. The defendants answered admitting the execution and delivery of the notes and alleged as a defense to the action that at the time the notes were executed they were secured by a mortgage upon certain real estate in Iowa; that shortly thereafter the defendants sold and transferred the real estate to one George H. Gallup, and that as part of the purchase price and consideration of such sale Gallup assumed and agreed to pay the mortgage indebtedness; that the plaintiff accepted him as his debtor upon the note and mortgage and thereafter, without the knowledge or consent of either of the defendants, made a valid and binding agreement upon sufficient consideration for an extension of the time of payment by Gallup, which was carried into effect, and that in pursuance of said agreement Gallup paid a portion of the indebtedness to the plaintiff, and that by reason of the extension of the time of payment without defendants' knowledge or consent they became and were released from further liability upon the notes.

To this defense the trial court sustained a demurrer. The defendants elected to stand upon their answer, and, judgment having been rendered against them on the notes, they appeal.

The question to be determined is whether the court erred in sustaining the demurrer. It is conceded that the ruling is in direct conflict with the doctrine declared in the case of *Stove Works v. Caswell,* 48 Kan. 689, 29 Pac. 1072, but it is insisted by plaintiff that the doctrine of that case is unsound, that it has been criticised in dissenting opinions in a subsequent case, and should be overruled. We are not inclined to reopen the discussion of the principles of law upon which the decision rests.

Fisher v. Spillman.

The fact that there is not entire harmony in the authorities upon the question was commented upon in the opinion. The court at that time deliberately adopted the rule which it declared to be in accord with the weight of authority and of reason and followed those cases holding that where a purchaser of property agrees with the vendor to assume an indebtedness thereon and as part of the consideration to pay the creditor of the vendor such indebtedness, the creditor, by accepting and agreeing to the arrangement, becomes the creditor of such purchaser, the purchaser thereafter sustaining to him the relation of principal debtor, and the vendor, who was the original debtor, thereafter becoming a mere surety for the payment of the debt, and further holding that his liability as such surety will be released by a valid agreement for the extension of the time of payment made by the creditor with the debtor without the consent of such surety. The case of *Stove Works v. Caswell* was followed in *Mulvane v. Sedgley,* 63 Kan. 105, 64 Pac. 1038, and for twenty years has stood as the law of the state. That the doctrine has not always received the unanimous sanction of the members of the court detracts nothing from the weight and binding authority of the case.

The further contention is made that the demurrer was rightly sustained for the reason that neither the promise of the debtor nor the plaintiff's acceptance of the arrangement is alleged to have been in writing, and that therefore the agreements relied upon were void under the statute of frauds. It has been repeatedly held that parol agreements of this character need not be in writing; that a parol agreement by the purchaser of property to pay the purchase price to a third person in payment of a debt due from his vendor is not within the statute of frauds. (*Mfg. Co. v. Burrows,* 40 Kan. 361, 19 Pac. 809; *Neiswanger v. McClellan,* 45 Kan. 599, 26 Pac. 18.) A promise made to a debtor by a third person to pay his debt is not a promise to answer for the

debt of another within the statute of frauds and need not be in writing. (*Center v. McQuesten*, 18 Kan. 476.) The promise in this case was made to the debtor, not to the creditor. The latter became a party to the arrangement by his acceptance. His acceptance of the purchaser as a debtor compelled him to adopt and to be bound by the relation which then existed between such purchaser and the vendor. (*Mulvane v. Sedgley,* supra.) As against the demurrer the courts will assume the laws of Iowa to be the same as the laws of Kansas.

The demurrer to that portion of the answer pleading the statute of limitations was rightly sustained. The note provided that in case of a default in the payment of interest the whole indebtedness should become due if the holder so elected. The provisions of the mortgage were that upon such default the whole debt should immediately become due. The rule in such cases is that the stipulation contained in the note governs. (*Kennedy v. Gibson*, 68 Kan. 612, 75 Pac. 1044.)

Plaintiff challenges the right of the defendants to be heard upon two grounds, first because the abstract contains no recital that any notice of appeal was given. No claim is made that notice was not given or that the notice or the proof thereof was insufficient, but merely that the abstract is silent as to notice. There is no statute or rule of the court requiring the asbtract to show notice or proof of notice. No appeal can be taken until notice and proof thereof have been filed with the clerk of the trial court, and when so filed it becomes his duty forthwith to transmit certified copies thereof to the clerk here. The transmission of such certified copies presupposes the filing with him of such notice and proof. The second ground of the challenge is that no motion for a new trial was filed, and the contention is that this was necessary because the answer, it is claimed, set up two distinct and separate defenses—a general denial and the special defense to which the de-

murrer was sustained. No motion for a new trial was necessary. In an action by the payee upon a promissory note an unverified general denial raises no issue. (*Gulf Rld. Co. v. Wilson,* 10 Kan. 105.)

The court erred in sustaining the demurrer. The judgment is reversed and the cause remanded for further proceedings in accordance herewith.