No. 22,900.

THE STATE OF KANSAS, *Appellee*, v. MIKE ROSELLI, *Appellant*.

Appeal from Wyandotte district court, division No. 2; FRANK D. HUTCHINGS, judge. Opinion filed April 10, 1920. Motion to dismiss overruled.

*R. R. Hubbard*, and *James L. Hogin*, both of Kansas City, for the appellant.

*E. A. Enright*, county attorney, for the appellee.

*Per Curiam:* Mike Roselli was convicted of murder in the first degree, and appeals. The state moves to dismiss the appeal on the ground of a failure on the part of the defendant to comply with the provision of the statute that "the transcript must be filed within thirty days after the appeal is taken." (Gen. Stat. 1915, § 8200.) The state interprets the word "transcript" as referring to the certified copies of the notice of appeal and proof of service and of the journal entry of the judgment or order appealed from, which the clerk of the trial court is required to transmit to the clerk of this court. (Gen. Stat. 1915, § 7474.) The clause of the statute above quoted was a part of the old law prescribing the procedure in appeals in criminal cases. The word "transcript" as there used referred to a full transcript of the proceedings—of the full record—which was required to be filed by the defendant in this court in order to give it jurisdiction. (*The State v. Lund*, 28 Kan. 280.) That law was superseded in 1915 by an act which substituted therefor the practice already in force in civil cases. (Gen. Stat. 1915, § 8198.) Under this practice the appeal is complete when the notice and proof of service are filed. The duty of seeing that the certified copies of the appeal papers are transmitted to this court rests upon the clerk of the trial court, and not upon the appellant. (*Schmuck v. Railway Co.*, 85 Kan. 447, 116 Pac. 818.) The provision of the old law relating to the "transcript" has not been formally stricken out by the legislature, but it has no longer any function to perform.

The motion to dismiss is overruled.