No. 34,650

J. C. FINLEY, *Appellee*, v. HUB STANDLEY, *Appellant*.

(99 P. 2d 746)

Opinion filed March 9, 1940.

*C. W. Mitchell*, of Cherryvale, *John Bertenshaw* and *Kirke C. Veeder*, both of Independence, for the appellant.

*Sullivan Lomax*, of Cherryvale, for the appellee.

The opinion of the court was delivered by

SMITH, J.: This was an action for an accounting. An accounting was had and judgment rendered for plaintiff. Defendant appeals.

The pleadings showed plaintiff and defendant had been in the automobile business. Plaintiff furnished part of the capital and defendant furnished part of the capital and conducted the business. They were to divide the profits on the basis of sixty percent to the defendant and forty percent to the plaintiff. After a few years the plaintiff became dissatisfied and filed this action for an accounting. The trial court on its own motion ordered that the case be tried before a referee. The referee took evidence and conducted an accounting. He filed findings of fact and conclusions of law on May 10, 1938. On May 13, 1938, defendant filed his motion for a new trial on the ground that the referee had made erroneous rulings on admission and exclusion of evidence, on the ground that the report of the referee in his findings of fact and conclusions of law were in part contrary to the evidence, and on the ground of newly discovered evidence. By consent of both parties this motion was heard by the referee. On July 1, 1939, this motion for a new trial was overruled. Notice of appeal was filed September 15, 1939. Subsequently the plaintiff filed a motion for an order approving and confirming the report of the referee. This motion was allowed and judgment rendered in accordance therewith.

Plaintiff filed a motion to dismiss the appeal because it was filed

more than two months after the motion for a new trial was overruled. (See G. S. 1937 Supp. 60-3309.)

In his brief in this court defendant states that the sole question being brought to the court's attention in this appeal is "Are the findings of the referee, as approved and confirmed by the trial court, incomplete and not sufficient upon which to base conclusions of law, accounting and judgment?" This question was not presented when the motion for a new trial was argued before the referee. It was not presented to the trial court by way of motion for a new trial after the motion to confirm the report of the referee had been sustained. Hence the trial court had no opportunity to pass on it. Under such circumstances the question may not be considered by this court on appeal. (See *Doty v. Shepard,* 98 Kan. 309, 158 Pac. 1.)

If it should be urged that this question was raised by the motion for a new trial which the referee heard, then this appeal was taken too late.

The appeal is therefore dismissed.