No. 35,126

LILLIE M. WISEMAN, Revived in the Names of TINKHAM VEALE and J. EARNEST JONES, Executors, *Appellant,* v. EMMA K. RICHARDSON, *Appellee.*

(118 P. 2d 605)

Opinion filed November 8, 1941.

*Earl H. Hatcher* and *Tinkham Veale,* both of Topeka, for the appellant.

*Clayton E. Kline, M. F. Cosgrove, Balfour S. Jeffrey* and *Robert E. Russell,* all of Topeka, for the appellee.

The opinion of the court was delivered by

DAWSON, C. J.: The late Lillie M. Wiseman, of Topeka, plaintiff, now represented by her executors, brought suit against Emma K. Richardson, defendant, to recover $3,250, alleging that this sum was in possession of the defendant but was the property of the plaintiff.

The pleadings, exhibits, and evidence of the parties developed no material dispute of fact, and may be summarized thus:

In 1936 Lillie M. Wiseman was a wealthy widow about 70 years old who resided at the Jayhawk hotel in Topeka. One J. E. George, who was then a desk clerk in that hotel, won her confidence to such an extent that on May 29, 1936, she handed over to him about $140,650 in securities, most of which were United States bonds. George promptly turned some of these securities into cash; and anticipating that his right thereto might be drawn in question he called on Lawrence J. Richardson, a Topeka attorney, and handed him $5,000 in twenty-dollar bills as a retainer fee, saying, "I am liable to have considerable business, and on the other hand I might not have so much."

Richardson took the money home and gave it to this defendant (who was then his wife) to keep for him. Within a few days defendant returned $1,000 of this money to Richardson at his request. Some months later defendant brought suit against her husband for a divorce, which was granted; and in the judgment the trial court awarded to Mrs. Richardson as permanent alimony the sum of $3,250 out of the $4,000 her husband had entrusted to her, and ordered that the balance, to wit $750, should be delivered to her husband.

It is this $3,250 awarded to Mrs. Richardson in the divorce suit which Mrs. Wiseman sought to recover in this action. As matter of inducement plaintiff alleged that in the federal court she had recovered judgment in an aggregate amount of $167,399.76 against J. E. George for the return of the bonds which he had procured from her and for the proceeds of those he had sold and squandered.

In the divorce suit Mrs. Wiseman was permitted to file an intervening petition in which she narrated how George wrongfully held some $200,000 worth of bonds and other securities belonging to her,

that she had commenced an action against him to recover that property, that such action was pending in the federal court, that Lawrence J. Richardson was attorney for George, and that intervenor was informed and believed that Lawrence J. Richardson had a safety deposit box in a Topeka bank containing a portion of intervenor's bonds and securities. She prayed for a restraining order forbidding the bank to deliver to Richardson any of intervenor's bonds and securities, that the sheriff should be ordered to examine the contents of the safety deposit box, and that any and all bonds and securities alleged to belong to intervenor should be held in *custodia legis* until final hearing on the intervening petition and that it be adjudged that any and all such bonds and securities as described in her intervening petition be declared to be her property and delivered to her and that neither plaintiff nor defendant in the divorce case had any right or interest therein.

Nothing further was done in the divorce case touching this intervening petition. No issues were joined on its allegations. No motion for judgment was filed by the intervenor. At the conclusion of the divorce action Mrs. Richardson was granted a divorce; $3,250 of the money in her hands was decreed to her as permanent alimony, and the balance was ordered returned to Lawrence J. Richardson, from whom she had received it. In the same decree the restraining order issued at the instance of the intervenor was dissolved and her intervening petition dismissed.

Mrs. Wiseman's suit against J. E. George which was tried in the federal district court resulted in a judgment in her favor for $167,-399.75, which was affirmed by the circuit court of appeals (see *George v. Wiseman*, 98 F. 2d 923). That judgment has not been fully satisfied. And so Mrs. Wiseman brought this action against Mrs. Richardson alleging that the $3,250 awarded to her as permanent alimony was in fact plaintiff's property.

In her petition plaintiff alleged that when George had fraudulently deprived her of the bonds and other securities he converted a portion of that property into money and delivered $3,250 of that money to Lawrence J. Richardson; that Richardson had full knowledge of plaintiff's ownership of the currency and securities, and that he delivered that sum of $3,250 to Mrs. Richardson "without any consideration and with full knowledge of the ownership of said currency and said bonds in the plaintiff."

Defendant's answer alleged that the only money she had received

from Lawrence J. Richardson was the $5,000, later reduced to $4,000, as narrated above, and that $3,250 of that amount was decreed to her as permanent alimony in the divorce suit, and that at no time had defendant received any property or money belonging to plaintiff.

In plaintiff's reply she alleged that—

"After she filed her intervening petition in said action she was given no opportunity for a hearing on the same and that her right and title to the $4,000, which she claimed and which was delivered by the said Lawrence J. Richardson to the defendant herein, was not litigated, but that in the absence of the plaintiff herein and her attorney, said intervening petition was dismissed without any prosecution and without any issues being joined between the plaintiff herein and the defendant herein and without any evidence being introduced by the plaintiff herein on said intervening petition."

A jury was waived and the cause was tried by the court from time to time between December 28, 1939, and April 25, 1940, after which the court took the cause under advisement until June 15, 1940, at which time it gave judgment for defendant. Plaintiff filed a motion for a new trial on several grounds. This motion was heard on August 10, 1940, and was taken under advisement until September 23, at which time it was overruled. Plaintiff served notice of appeal on November 21, and filed it on November 22.

We have particularized as to these dates because at the threshold of this appeal defendant moves to dismiss on the ground that it was not taken within the statutory time. The civil code as amended in 1937 provides that the appeal shall be perfected within two months from the date of the judgment or order from which the appeal is taken. (G. S. 1939 Supp. 60-3309.) Obviously this appeal from the judgment rendered on June 15, which was not perfected until November 22, was too late. However, any trial errors to which the motion for a new trial was directed, and which was not decided until September 23, are still open to our review. How much that leaves open for this review may become clear as we proceed:

On behalf of appellant the proposition is advanced that the judgment of the federal court in *George v. Wiseman* is binding on the parties in the present case. The soundness of that contention might be subject to serious question since Mrs. Richardson was not a party to that litigation, but the point is immaterial here since it has no apparent bearing on the issues in this appeal.

Appellant's second proposition is that Mrs. Wiseman's bonds and their proceeds in the hands of J. E. George were a trust fund. That

point may be conceded, but it, too, is of no apparent consequence in the instant case, since Mrs. Richardson had neither notice nor knowledge of the source of the $3,250 at the time it was awarded to her as alimony.

It is next argued that Lawrence J. Richardson obtained no right to the proceeds of the bonds as against the plaintiff. This point is not worth caviling about, since there was no evidence that the money J. E. George paid to Richardson as "a retainer fee" was in fact the proceeds of Mrs. Wiseman's bonds. The record in the federal court tends to show that George obtained very substantial sums of cash in addition to bonds and securities from Mrs. Wiseman. But certain it is that at the time Richardson entrusted the $5,000 to his wife, there was no evidence that even Richardson knew where George got the money. And even if Richardson did know that the money had been obtained by George through fraud practiced on Mrs. Wiseman, Mrs. Richardson did not know it, and appellant's counsel conceded that fact in the course of the trial. While there is a well-known rule of law that the owner of personal property wrongfully deprived of it can follow and recover it as far as it can be clearly traced, the practical necessities of everyday life compel recognition of a broad exception to that rule in respect to money. Money has no earmarks. It passes by delivery from hand to hand. It may be accepted in good faith, without any obligation on its recipient to inquire as to the title of the person from whom he receives it, nor as to the source from which it was derived. (*Benjamin v. Bank*, 98 Kan. 361, 363, and citations, 158 Pac. 65.) See, also, Anno., Restitution by Innocent Third Person, 114 A. L. R. 382, 383-384. This familiar and long-established rule has some qualifications as in *Myers v. Board of Education*, 51 Kan. 87, 32 Pac. 658, and see 65 C. J. 973, but no such qualification of the general rule is applicable under the facts of the case at bar.

It is next contended that "Mrs. Richardson obtained no right to the proceeds of the bonds as against the plaintiff on the basis of receipt of the proceeds from her husband as a voluntary gift or as payment of an antecedent debt." It is not often that so many ill-founded assumptions are propounded within the compass of a single sentence. In this lawsuit Mrs. Richardson's claim of right to the $3,250 was not predicated on her obtaining "the proceeds of Mrs. Wiseman's bonds, nor on a voluntary gift of the money from her husband, nor on the receipt of it for some antecedent debt."

It is next argued that the filing of the intervening petition by Mrs.

Wiseman in the divorce case between the Richardsons was not *res judicata*. It came very close to it. If the intervening petition had plainly claimed the $3,250 as the property of Mrs. Wiseman, the judgment dismissing her petition at the conclusion of the case of *Richardson v. Richardson* would clearly have been *res judicata*. Under well-established precedents one who at his own behest is permitted to interplead or intervene in a lawsuit becomes a litigant in that lawsuit just as much as any and all other parties thereto and is bound by the judgment although he takes nothing by its terms. (*Lynn v. McCue*, 96 Kan. 114, 150 Pac. 523; *Hoxie State Bank v. Vaughn*, 137 Kan. 648, 651, 652, 21 P. 2d 356; 1 Freeman on Judgments, 5th ed., §§ 411, 412.)

To withstand the legal effect of the dismissal of the intervening petition, counsel cite our own rule that journal entries of judgment should be submitted to counsel for litigants. They should, and for the excellent reason that it is of vital importance that the journal entry shall promptly and correctly record what the trial court decided for the benefit of all concerned. The journal entry of judgment is not required to be submitted so that an attorney interested in the litigation shall be thereby informed about what has transpired in the lawsuit. It is his duty to keep advised of the trial as it proceeds and to participate in it to the extent of the interest of his client. So counsel for the intervenor was bound to know that no issue had been taken on his client's intervening petition and that the matter was therefore ripe for some action on his part by proffer of evidence or by motion for judgment. And if the journal entry of judgment not submitted to him was inaccurate in any respect, or if the judgment itself was premature or otherwise ill-founded or prejudicial to the intervenor, it was the duty and privilege of intervenor's counsel to file a timely motion to correct it or set the judgment aside. That he did nothing is conclusive evidence that the journal entry spoke the truth. Even now we have no hint to the contrary.

One more proposition is advanced in plaintiff's behalf—that the alimony decree did not pass the $3,250 to Mrs. Richardson irrespective of the rights of Mrs. Wiseman. We think it did that very thing irrevocably. Some excerpts from the opinion of the trial court are so pertinent and convincing that they deserve to be quoted:

"The divorce case was decided in favor of Mrs. Richardson on October 17, 1936. The court found that the $4,000 was the property of Lawrence J. Richardson and was in the possession of his wife. Mrs. Richardson was awarded a

lump sum permanent alimony judgment in the amount of $3,250, to be retained by her out of the $4,000 in her possession, which $4,000 had been delivered to her by Lawrence J. Richardson. The attorney for Mrs. Wiseman took no further steps in the divorce action and his intervening petition was dismissed. . . .

"[Counsel for Mrs. Wiseman] knew all the facts relative to the $4,000 . . . He knew that the $4,000 involved had belonged to Mrs. Wiseman, and he knew that it was her claim that it had been fraudulently obtained from her by George, although he alleged no fraud in the intervening petition. It is admitted in this case that Mrs. Richardson was ignorant of any fraud committed on Mrs. Wiseman by George. The court did not know it. Mrs. Wiseman and her attorney did know it. . . .

"Notwithstanding the actual knowledge Mrs. Wiseman's attorney had and what in law he is held to have known, he never claimed the $4,000 belonged to Mrs. Wiseman nor took a single step in the divorce action to prevent the court from making an award of this money. . . .

"Again, if the court had not awarded Mrs. Richardson the $3,250 as permanent alimony and to be retained by her out of the funds in her hands, she would have been granted an alimony judgment against Mr. Richardson in a form collectible by execution, garnishment or contempt proceedings. In not receiving the ordinary kind of alimony judgment, she, in effect, suffered a disadvantage equivalent to the giving of a valuable consideration for the $3,250 which was awarded her. My conclusion is that Mrs. Richardson is in the position of a party innocently receiving currency for a consideration passing from her, and that Mrs. Wiseman is not entitled to recover in this account on account of laches of her attorney by which the defendant in this action, Mrs. Richardson, would be greatly prejudiced if this action should be decided in favor of the plaintiff."

If the question of the relative rights of Mrs. Wiseman and Mrs. Richardson to the $3,250 was much closer than it is, equity would not hesitate to apply its simplest and most familiar principle, which is that where one of two innocent persons must lose on account of the misdeeds of others, the one whose act or omission occasions the loss must stand the consequences. (*Smith v. Rector*, 135 Kan. 326, 330, 10 P. 2d 1077.)

The judgment is affirmed.

HOCH, J., not participating.