No. 36,328

PAUL ZAGRANIS, *Appellee*, v. ELEANOR ZAGRANIS, *Appellant*.

(156 P. 2d 847)

Opinion filed March 9, 1945.

*Benj. F. Endres*, of Leavenworth, argued the cause for the appellant.

*Morris Johnson*, of Salina, argued the cause, and *W. B. Crowther*, of Salina, appeared for the appellee.

*Per Curiam:* This was a divorce action. On November 29, 1944, the trial court rendered judgment granting plaintiff a divorce. On November 30, 1944, the defendant filed in the office of the clerk of the district court a document entitled "Notice of Appeal" which recited that "it is the intention of the defendant to appeal from the judgment rendered herein, November 29, 1944." The clerk of the district court thereupon sent a certified copy of the above-mentioned notice and of the journal entry of judgment to the clerk of this court, who filed the same on December 9, 1944.

On the apparent assumption an appeal had been duly perfected, on March 6, 1945, the appellant filed her motion in this court for an allowance to defray costs and for counsel fees, and on March 7, 1945, the appellee filed his motion that the appeal be dismissed for the reason no abstract had been filed, that appellant had served no abstract or brief on appellee, and for the further reason that

appellant's motion for a new trial, filed in the district court, was still pending in that court. These motions were presented to this court.

Upon consideration, this court examined whether our jurisdiction had been properly invoked.

Our statutes pertaining to divorce provide procedure for appeal. For present purposes attention is directed to G. S. 1935, 60-1512, which recites in part:

"A party desiring to appeal from a judgment granting a divorce must within ten days after such judgment is rendered file a written notice in the office of the clerk of such court, duly entitled in such action, stating that it is the intention of such party to appeal from such judgment; and unless such notice be filed no appeal shall be had or taken in such cause. If notice be filed as aforesaid, the party filing the same may commence proceeding on appeal for the reversal or modification of such judgment at any time within four months from the date of the decree appealed from, and not thereafter; . . ."

It will be observed that the statute provides two things, a written notice of intention to appeal, filed within ten days after judgment, and if that is given then the party filing the same may commence proceeding on appeal within four months from the date of the decree. In the instant case notice of intention to appeal was timely given, but at this time there has been no commencement of an appeal. The general provision governing commencement of an appeal is found in G. S. 1935, 60-3306, where, in substance, it is provided that appeals to this court shall be taken by notice filed with the clerk of the trial court stating that the party filing the same appeals from the judgment, order or decision complained of to the supreme court, for service of such notice on the adverse party and for proof of such service, all as more particularly set forth in the statute to which reference is made.

It thus appears that the act of the clerk of the district court in transmitting to the clerk of the supreme court the certified copy of the notice of intention to appeal was premature in the sense of perfecting an appeal, and that no appeal has yet been perfected. The result is that this court is without jurisdiction to rule on either of the above-mentioned motions, and the proceedings in this court are dismissed.