No. 36,714

W. H. VON DER HEIDEN and CLIFF A. MORGAN, *Appellees*, v. THE ESTATE OF THOMAS WILLIAMS, Deceased, (Jesse B. Kemper, Administrator de bonis non, etc.) *Appellant.*

(175 P. 2d 117)

Opinion filed December 7, 1946.

*Max Regier*, of Newton, argued the motion for the appellant.

*W. H. Von Der Heiden* and *Cliff A. Morgan*, both of Newton, *pro se.*

The opinion of the court was delivered by

Hoch, J.: This appeal is from an order allowing a claim for attorneys' fees against an estate. The appeal has not been heard upon its merits but is before us now upon motion of the appellees to dismiss on the ground that service of notice of the appeal was not personally served as required by the statute (G. S. 1935, 60-3306).

Appellees are attorneys residing at Newton, Harvey county, Kansas, and the claim was allowed both by the probate court and upon appeal by the district court of that county, where the estate is being administered. Attorneys for the estate reside at Hutchinson and at Newton, Kan.

The record here is somewhat incomplete but sufficient to justify our proceeding upon the theory that notice of the appeal was sent by registered mail by appellant's Newton attorney to appellees at their Newton office, with request for return receipt, and that the card acknowledging receipt of the notice was signed by appellees or by an employee acting for them and was returned to the sender. The question is whether such service complies with the requirement of section 60-3306, G. S. 1935, the pertinent provisions of which read as follows:

"Appeals to the supreme court shall be taken by notice filed with the clerk of the trial court . . . A copy of such notice must be personally served on all adverse parties . . . or, if such service cannot be made within the state, service may be made by a notice, properly addressed to such persons or their attorneys of record at their places of residence, deposited in the mail, if their places of residence are known. Proof of such service shall be made by affidavit, and in case the residence of the party and his attorney is not known, an affidavit of the appellant or his attorney may be attached to the notice filed with the clerk, stating that the residence of such party and his attorney is unknown, and that the appellant is unable to ascertain the same; . . ."

Appellees rely upon the case of *Thisler v. Little,* 86 Kan. 787, 121 Pac. 1123. In that case the notice was not sent by registered mail but by ordinary mail and strictly construed the case would not be controlling. However, there were statements made in the opinion which justify the appellees in invoking the case as a precedent here. On the other hand, the court took note in the Thisler case, that in a case decided only two months previously, delivery by registered mail of notice of a motion to open a judgment had been held sufficient, and said:

"In *Taylor v. Woodbury,* ante, p. 236, 120 Pac. 367, notice of a motion to open a judgment was sent by registered mail to the attorney of record whose signature on the return card acknowledged its receipt, and this was held to be *prima facie* proof of service. It was said: 'We think that service of a motion made in this way is not objectionable and ought to be upheld; it is a substantial compliance with all the requirements of the code and furnishes its own proof of the fact and character of service.' (p. 237.) But we have no similar showing here. The fact that duplicates were mailed to the appellee and his attorney of record is proof that they were started on their journey but not that they were personally served." (p. 791.)

It is true that the statute with reference to service of motions (G. S. 1935, 60-724) was not and is not now identical with section 60-3306, but any distinction between the two statutes is not essential to determination of the question here. After all, the purpose of the statute is to ensure that a copy of the notice of appeal shall be personally received by adverse parties residing within the state. We are not called upon here to lay down a general rule as to sufficiency of proof that such notice has been received. Certainly it has long been a practice of attorneys to use registered mail, with return receipt requested, for securing personal service of notices of appeal. In this case it is not denied that the notice was received or that the card acknowledging receipt was signed and returned to the sender, which at least constitutes prima facie proof of personal service. To require the sender or his agent to take the notice and hand it personally to the adverse party who might reside four hundred or more miles away would impose a burden which a reasonable construction of the statute does not require. The showing of personal service here made is sufficient under the statute. Insofar as any statements made in *Thisler v. Little,* supra, are inconsistent with the holding in this case, they are here disapproved.

The motion to dismiss the appeal is denied.