No. 37,006

BILLIE SMITH BYARS, *Appellee*, v. HENRY J. DIX, *Appellant*.

(188 P. 2d 662)

Opinion filed January 24, 1948.

*I. H. Stearns* and *E. P. Villepigue*, both of Wichita, were on the briefs for the appellant.

*Robert C. Foulston, George Siefkin, George B. Powers, Samuel E. Bartlett, Andrew F. Schoeppel, Carl T. Smith, John F. Eberhardt, Stuart R. Carter* and *T. E. Woods*, all of Wichita, were on the briefs for the appellee.

The opinion of the court was delivered by

BURCH, J.: The appeal in this case is from a judgment annulling a marriage. The action for annulment was refiled in the district court following a decision by this court in which it was held that probate courts do not have jurisdiction to entertain actions to annul marriages. A statement of the facts will be found in our preceding opinion, *In re Estate of Dix,* 161 Kan. 364, 168 P. 2d 537. The present case was submitted to the district court upon transcripts of the evidence introduced in former trials of the case and such court found therefrom that Ella Arnold was not mentally competent to contract a marriage with the appellant, Henry J. Dix, at the time she did so. This court is requested to review the same evidence since it was entirely in writing and to reach a different conclusion (see *Shriver v. Besse,* 163 Kan. 402, 183 P. 2d 414), and also to consider whether an antenuptial contract entered into by the parties above named was a binding waiver of homestead rights on the part of the appellant. The record has been read and the court cannot find therein a sufficient notice of appeal.

This court, and others, should first determine whether the court has jurisdiction. (*Palmer v. Helmer,* 159 Kan. 647, 157 P. 2d 531.) A notice of appeal is vital to appellate jurisdiction and must be served within the period provided by the statute. (See *Johnson v.*

*Lander,* 140 Kan. 329, 330, 36 P. 2d 1006; G. S. 1935, 60-3306, and G. S. 1945 Supp., 60-3309.) The only notice of appeal which appears in the record reads:

"You and each of you are hereby notified that the Defendant in the above entitled action, Henry J. Dix, intends to appeal to the Supreme Court of the State of Kansas, from the judgment and decree of the above entitled court entered on the 21st day of May, 1947.

"The notice of intention to appeal is given in accordance with G. S. 60-1512.

"Dated at Wichita, Kansas, this 17th day of June, 1947."

Even as a notice of intention to appeal in a divorce case, it was filed too late. G. S. 1935, 60-1512, requires such a notice to be filed within ten days but the effect of such delay is not the controlling question in this case.

The controlling question is whether the notice of intention to appeal can be considered as a sufficient notice of appeal. The wording of the notice and the reference therein to the statute in accordance with which it was given prohibit the possibility of regarding the notice of intention to appeal as a statutory notice of appeal. Consistency forbids our regarding the notice as having been given in compliance with G. S. 1935, 60-3306, when the notice sets forth that it was given in accordance with G. S. 1935, 60-1512. This court rather recently held in a divorce case that a notice of intention to appeal does not constitute a notice of appeal and does not vest this court with jurisdiction. (*Zagranis v. Zagranis,* 159 Kan. 456, 156 P. 2d 847.) We need not discuss distinctions between actions for divorce and actions for annulment. (See *Fourth Nat'l Bank v. Diver,* 131 Kan. 113, 289 Pac. 446.) Regardless of the distinctions, a notice of intention to appeal which is an adequate notice of appeal under G. S. 1935, 60-3306, in a divorce action could not be considered as an adequate notice of appeal under the same statute in an annulment action.

This court is without jurisdiction and therefore the appeal is dismissed.