No. 38,357

Victor P. Steinmeyer, *Appellant,* v. Edward Barnett and George Barnett, a Partnership doing business as Barnett Company, *Appellees.*

(239 P. 2d 827)

Opinion filed January 26, 1952.

*Frank P. Eresch,* of Topeka, argued the cause and *Lemoin A. Willett,* of Beloit, was with him on the briefs for the appellant.

*Ralph H. Noah,* of Beloit, argued the cause and *Thomas H. Conroy,* of Beloit, was with him on the briefs for the appellees.

The opinion of the court was delivered by

Smith, J.: This was an action for breach of contract of employment. Judgment was for defendant sustaining a demurrer to plaintiff's evidence. The plaintiff has appealed.

The amended petition alleged that plaintiff and defendant entered into a contract whereby the plaintiff was to be the sole representative of defendant in promoting the sale of certain goods manufactured by defendant and the contract was to be a continuing one without a definite date of limitation. The petition alleged the percentage of the sales defendant had agreed to pay plaintiff; that both parties had performed for about a year and that defendant had terminated the contract to the damage of plaintiff.

The defendant answered setting up a defense of the statute of frauds and alleging the contract was actually a contract of employment subject to termination by either party at will, and a general denial.

At the conclusion of the evidence of plaintiff defendant's demurrer to it was sustained. This was on October 24, 1950. On October 26, 1950, plaintiff filed a motion for a new trial. This motion was overruled on November 8, 1950. Notice of appeal from the above rulings was served on defendant on January 10, 1951.

When the appeal was submitted defendant argued it should

be dismissed because the order sustaining defendant's demurrer to the evidence was appealable, and the motion for a new trial raised no legal questions not raised on the demurrer. It was pointed out that the demurrer was sustained October 24, 1950, and the notice of appeal was not filed until January 10, 1951. An appeal must be taken within two months of the order from which the appeal is taken. (See G. S. 1949, 60-3302 as modified by 60-3314a.) This notice of appeal was not filed until almost three months after the demurrer was sustained. One wishing to appeal cannot extend the time for taking an appeal by filing a motion for a new trial where the motion for a new trial raises no question not raised in the demurrer. (See *Robbins v. Kansas City,* 160 Kan. 425, 163 P. 2d 630.)

When the appeal was submitted plaintiff argued the motion for a new trial was good on grounds other than the action of the trial court in sustaining the demurrer. He argued that the trial court erred, in abuse of discretion, in permitting cross-examination of the plaintiff and the admission of incompetent testimony on cross-examination of plaintiff, and that the appeal from the order overruling the motion for a new trial brought all the trial errors to the court.

We have found it unnecessary to deal with that argument. When the appeal was argued the record showed the motion for a new trial was denied November 18, 1950.

Since the cause was argued, however, the defendant has called our attention to an order of the trial court correcting the journal to show the motion for a new trial was denied on November 8, 1950, rather than on November 18. The notice of appeal was filed on January 10, 1951. When the appeal is not taken within time this court has no jurisdiction to entertain it. It follows that this court has no jurisdiction of this appeal.

Plaintiff points out the journal entry was not filed until January 8, 1951, and argues this should operate to extend his time to appeal. This argument is not good. (See *Gates v. Gates,* 160 Kan. 428, 163 P. 2d 395.

The appeal is dismissed.