No. 39,966

WILLIAM M. POLZIN, *Appellee*, v. NATIONAL COOPERATIVE REFINERY ASSOCIATION, a Corporation, *Appellant*.

(298 P. 2d 333)

Opinion filed
June 9, 1956.

. *Emmet A. Blaes,* of Wichita, argued the cause, and *R. C. Russell, Don C. Foss* and *Isabel Obee,* all of Great Bend, and *Cecil E. Merkel, Jr., W. D. Jochems* and *J. Wirth Sargent,* all of Wichita, were with him on the briefs for the appellant.

*Boyce P. Hardman,* of Great Bend, argued the cause, and *Herbert Diets,* of Great Bend, was with him on the briefs for the appellee.

The opinion of the court was delivered by

FATZER, J.: This is an appeal from a judgment awarding actual and punitive damages for the pollution of plaintiff's deep fresh water supply on his farm in Barton County resulting from the escape of defendant's oil field brine. The suit was commenced May 29, 1950. A mistrial first resulted, and defendant appealed to this court from an order overruling its demurrer to plaintiff's evidence. This court affirmed the judgment of the district court, and remanded the case for retrial. (*Polzin v. National Cooperative Refinery Ass'n,* 175 Kan. 531, 266 P. 2d 293.) The case was retried by a jury in December, 1954, when the jury returned a verdict for the plaintiff. The trial court overruled defendant's post-trial motions and rendered judgment in favor of the plaintiff on February 28, 1955.

William M. Polzin died testate November 1, 1955, and Matt Polzin and Romauld Polzin were appointed executors of the decedent's estate. The action was revived in the name of Matt Polzin and Romauld Polzin, executors of the estate of William M. Polzin, deceased. For the purpose of this opinion Matt Polzin and Romauld Polzin are hereinafter referred to as appellee and the National Cooperative Refinery Association, a Corporation, as appellant.

At the outset our jurisdiction to hear this appeal is challenged. Appellee filed a motion to dismiss this appeal for the reason it was not perfected within two months from the date of the judgment, in compliance with G. S. 1949, 60-3309, since proof of service of the notice of appeal was not made in the manner provided in G. S. 1949,

60-3306 to perfect the appeal. When the motion to dismiss was filed in this court, it was passed to be heard on the merits of the appeal.

The notice of appeal as certified to this court has typed on it a form of an acknowledgment of service to be executed by counsel for the appellee, acknowledging that a copy of the notice of appeal was personally served upon them April 28, 1955. This acknowledgment of service was not signed. We are advised by counsel for appellee that a copy of the notice of appeal was not served upon them. In lieu of this acknowledgment, the notice of appeal contains a statement by one Hoyt Smiley, as follows:

"SHERIFF'S RETURN

"*State of Kansas, County of Barton, ss:*

"Received this notice of appeal on the 28th day of April, 1955, and served the same in the City of Hoisington, Barton County, Kansas, by delivering a true and correct copy of the said notice of appeal to William M. Polzin personally on this 28th day of April, 1955.

Sheriff of Barton County, Kansas
By /s/ LARRY PRINCE
By /s/ HOYT SMILEY,
Undersheriff."

The notice of appeal and the undersheriff's return were filed in the office of the clerk of the district court April 28, 1955. On May 11, 1955, the appellee filed a motion to dismiss the appeal. On May 26, 1955, appellant filed an affidavit of Hoyt Smiley, undersheriff, which is summarized as follows: That he was, on April 28, 1955, the duly appointed, qualified and acting undersheriff of Barton County, Kansas; that on said date he received the Notice of Appeal from one of appellant's counsel, and that thereafter and on the same date he delivered to William M. Polzin, personally, a copy of said Notice of Appeal; that following said personal service upon William M. Polzin and on the same date, he did duly make return of the Notice of Appeal to the office of the clerk of the district court of Barton County, and did personally sign such return.

G. S. 1949, 60-3309, in part, reads:

"The appeal shall be *perfected* within two months from the date of the judgment or order from which the appeal is taken. . . ." (Emphasis ours.)

G. S. 1949, 60-3306 provides the manner in which appeals to the supreme court shall be perfected. So far as here pertinent, this statute reads:

"Appeals to the supreme court shall be taken by notice filed with the clerk

of the trial court, stating that the party filing the same appeals from the judgment, order or decision complained of to the supreme court. . . . A copy of such notice must be personally served on all adverse parties whose rights are sought to be affected by the appeal. . . . *Proof of such service shall be made by affidavit . . . and thereupon the appeal shall be deemed to be perfected."* (Emphasis ours.)

As preliminary, we note the long established and oftentimes repeated rules of this court to the effect that there is no vested right to an appeal to this court, and where an appeal is not perfected within the statutory period, this court does not have jurisdiction to entertain the appeal (*Johnson v. Lander,* 140 Kan. 329, 330, 36 P. 2d 1006; *Eikelberger v. Saline County Comm'rs,* 151 Kan. 619, 100 P. 2d 651; *Finley v. Standley,* 151 Kan. 520, 99 P. 2d 746; *Wiseman v. Richardson,* 154 Kan. 245, 118 P. 2d 605; *Achenbach v. Baker,* 157 Kan. 292, 139 P. 2d 407; *Palmer v. Helmer,* 159 Kan. 647, 157 P. 2d 531; *Steinmeyer v. Barnett,* 172 Kan. 215, 239 P. 2d 827; *Colyer v. Wood,* 178 Kan. 5, 283 P. 2d 398); that it is the duty of this court, when the record discloses lack of jurisdiction, to dismiss the appeal (*Vrooman Co. v. Summer,* 110 Kan. 662, 205 Pac. 609; *Shively v. Burr,* 157 Kan. 336, 139 P. 2d 401; *Palmer v. Helmer,* supra; *Byars v. Dix,* 164 Kan. 303, 188 P. 2d 662; *Kowing v. Douglas County Kaw Drainage Dist.,* 167 Kan. 387, 207 P. 2d 457); that this court cannot enlarge the scope of the statute prescribing the manner of appealing to this court by judicial interpretation (*Morell and others v. Massa,* 1 Kan. 224; *Phillips v. State Highway Comm.,* 148 Kan. 702, 705, 84 P. 2d 927; *Shields v. State Highway Commission,* 178 Kan. 342, 345, 286 P. 2d 173); that if there are to be exceptions to the plain language of the statute they must be made by the legislature and not by the courts (*Thomas v. City of Coffeyville,* 145 Kan. 588, 590, 66 P. 2d 600); that this court has only such appellate jurisdiction as is conferred by statute pursuant to Art. 3, § 3 of the Constitution (*Kansas City v. Dore,* 75 Kan. 23, 88 Pac. 539; *Allen v. Glitten,* 156 Kan. 550, 134 P. 2d 631; *Eikelberger v. Saline County Comm'rs,* supra; *Williams v. Seymour Packing Co.,* 174 Kan. 168, 254 P. 2d 248; *City of Hutchinson v. Wagoner,* 163 Kan. 735, 186 P. 2d 243); that an appeal, which is not perfected within the time prescribed by the statute, is a nullity and may not be amended (*Salt City B., L. & S. Ass'n v. Peterson,* 145 Kan. 765, 767, 67 P. 2d 564; *Klemenc v. Klemenc,* 164 Kan. 649, 652, 192 P. 2d 171); that an appeal is perfected by proper service of the notice of appeal and filing proof thereof with the clerk of the trial court

(*Schmuck v. Railway Co.*, 85 Kan. 447, 116 Pac. 818; *Fisher v. Spillman*, 85 Kan. 552, 118 Pac. 65; *Thisler v. Little*, 86 Kan. 787, 121 Pac. 1123; *Zagranis v. Zagranis*, 159 Kan. 456, 457, 156 P. 2d 847); and, that when the appellee and his attorney of record reside in this state the service of the notice of appeal must be made in the same manner as service of summons (*Thisler v. Little*, supra), unless service of the notice of appeal is acknowledged by appellee or his attorney of record and proof of service by affidavit is waived (*Thisler v. Little*, supra; *Wollard v. Peterson*, 143 Kan. 566, 571, 56 P. 2d 476), or unless the appellee or his attorney of record, residing in this state, acknowledges service of a copy of the notice of appeal by signing and returning to the sender the registered mail receipt card acknowledging receipt of such notice thereon (*Von Der Heiden v. Williams' Estate*, 162 Kan. 233, 175 P. 2d 117).

With these rules in mind, we now turn to the respective contentions of each party.

The appellee contends that not only was the appeal *not* perfected within the two months provided by G. S. 1949, 60-3309, but that it *never was* perfected; that there is no ambiguity in G. S. 1949, 60-3306; that it clearly provides the appellant must not only obtain personal service on all adverse parties or their attorneys of record, but that proof of service shall be made by affidavit, and thereupon the appeal shall be perfected; and, that this court has for more than 40 years held that an appeal is not perfected until notice of appeal, together with proof of service by affidavit, has been filed with the clerk of the trial court, and cites and relies primarily upon *Thisler v. Little*, supra.

The appellant contends that within the time prescribed in G. S. 1949, 60-3309, it filed its notice of appeal with the clerk of the trial court and caused a copy thereof to be personally served on the appellee by the undersheriff; that on the same day the notice of appeal was filed, the undersheriff made due return of service thereof to the clerk of the trial court; that later, the undersheriff executed an affidavit confirming the service and return; that this court has repeatedly held it looks to the substance of a matter rather than to the form; that strict compliance with the statute is not required, but only some substantial compliance which positively shows personal service was actually effected; that an affidavit of service and an officer's return should be given equal weight in manifesting service, or that probably the officer's return should

be given even greater weight than an affidavit; and, that personal service of the notice of appeal and proof thereof by the under-sheriff is compliance with G. S. 1949, 60-3306, and cites and relies principally upon *Wollard v. Peterson,* supra, and *Godsoe v. Harder,* 164 Kan. 86, 187 P. 2d 515.

We pause briefly to note that appellant filed its notice of appeal and caused a copy of it to be served on the appellee on April 28, 1955, the last day of the period prescribed in G. S. 1949, 60-3309, since judgment was rendered against it February 28, 1955. We further note it is not contended that the appellee or his attorneys of record acknowledged service of the notice of appeal on April 28, 1955, or at any other time, nor did they waive proof of service by affidavit. We further note that unless the appeal was perfected by the filing and service of the notice of appeal on April 28, 1955, the affidavit of proof of service by the undersheriff on May 26, 1955, is of no assistance to appellant since it was filed with the clerk of the trial court more than two months after the date of the judgment (G. S. 1949, 60-3306; G. S. 1949, 60-3309; *Thisler v. Little,* supra).

In *Thisler v. Little,* supra, this court held:

"An appeal is perfected by proper service of the notice and filing proof thereof with the clerk of the trial court.

"When the appellee and his attorney of record reside in this state the service must be made in the same manner as service of summons unless service be waived or acknowledged. Mailing a duplicate notice to the appellee and to his attorney of record and filing proof thereof are not sufficient." (Syl. ¶¶ 1 and 2.)

While this case deals primarily with the manner in which a notice of appeal shall be personally served upon adverse parties, it is authority that an appeal is not perfected pursuant to G. S. 1949, 60-3306 unless and until proof of service by affidavit is filed with the clerk of the trial court within the time prescribed by the statute. In the opinion it was said:

" '. . . Proof of such service shall be made by affidavit, and in case the residence of the party and his attorney is not known, an affidavit of the appellant or his attorney may be attached to the notice filed with the clerk, stating that the residence of such party and his attorney is unknown, and that the appellant is unable to ascertain the same; and thereupon the appeal shall be deemed to be perfected.' (Civ. Code, § 569.) That the last clause quoted means what it says was decided in *Schmuck v. Railway Co.,* 85 Kan. 447, 116 Pac. 818, holding that an appeal is so far perfected as to give this court jurisdiction when notice with proof of service has been filed with the clerk of the trial court.

"'No appeal can be taken until notice and proof thereof have been filed with the clerk of the trial court.' (*Fisher v. Spillman*, 85 Kan. 552, 555, 118 Pac. 65.)" (1. c. 788.)

In *Zagranis v. Zagranis*, supra, this court said:

". . . The general provision governing commencement of an appeal is found in G. S. 1935, 60-3306, where, in substance, it is provided that appeals to this court shall be taken by notice filed with the clerk of the trial court stating that the party filing the same appeals from the judgment, order or decision complained of to the supreme court, for service of such notice on the adverse party and for proof of such service, all as more particularly set forth in the statute to which reference is made." (1. c. 457.)

The case of *Wollard v. Peterson*, supra, heavily relied upon by appellant, is authority to the effect that an acknowledgment of service of notice of appeal by an attorney of record residing in this state, and waiver of proof of service by affidavit by such attorney, is sufficient compliance with G. S. 1949, 60-3306 to perfect an appeal to this court. This case is not helpful to appellant since it is not contended that appellee or his attorneys of record acknowledged service of the notice of appeal or that proof of service by affidavit was waived.

In *Von Der Heiden v. Williams' Estate*, supra, it was held that where a copy of notice of appeal was sent by registered mail to adverse parties residing in this state and the card acknowledging receipt of such notice was signed and returned to the sender, such service constituted personal service within the meaning of and purpose of the statute, and that any inconsistent statements made in *Thisler v. Little*, supra, with respect to service of notice of appeal by mail were disapproved. However, the opinion specifically notes the court was not called upon to lay down a general rule as to the sufficiency of proof of service of a notice of appeal.

Appellant also relies upon *Godsoe v. Harder*, supra. This was an action against a minor. G. S. 1949, 60-408 provides that personal service of summons must be had on the minor and upon either his natural or legal guardian. Personal service was had upon the natural guardian of the minor and by leaving a copy of the summons at the minor's usual place of residence when it appeared that the minor himself could not be found in the county. The father, as natural guardian, filed a motion to quash the service of summons upon the defendant minor. The trial court sustained this motion. The plaintiff appealed. The father, as natural guardian, moved to dismiss the appeal on the grounds that the notice of appeal was

served on counsel of the father and none was served on the minor or his attorney of record. The acknowledgment of the notice of appeal recited service on the "attorneys of record for the defendant Harold Harder, a minor, and G. A. Harder, father and natural guardian of said minor." This court held that the acknowledgment of service was sufficient to perfect the appeal both as to the minor and his natural guardian, and overruled the motion to dismiss.

Here, this court is confronted with the question of whether personal service of a notice of appeal and proof thereof by an undersheriff in the form and manner of a return of service of summons is sufficient compliance with G. S. 1949, 60-3306 to perfect an appeal. We conclude that under the unequivocal terms of the statute, no other answer can be given but that it is not.

The language of G. S. 1949, 60-3306 is clear and unambiguous. It provides three steps must be taken to perfect an appeal when the adverse parties or their attorneys of record reside in this state. They are: (1) ". . . by notice filed with the clerk of the trial court, stating that the party filing the same appeals from the judgment, order or decision complained of to the supreme court; . . ."; (2) a copy of "such notice must be personally served on all adverse parties whose rights are sought to be affected . . . or their attorneys of record . . ." and (3) "proof of such service shall be made by affidavit . . . and thereupon the appeal shall be deemed to be perfected." Compliance with one or two of these requirements does not perfect an appeal; the party appealing must comply with all three of them and within the time prescribed by G. S. 1949, 60-3309, unless service is acknowledged by all adverse parties or their attorneys of record, and proof thereof by affidavit is waived, or unless service is acknowledged by signing and returning to the sender a registered mail receipt card.

Here, the appellant complied with the first two requirements, i. e., it filed its notice of appeal with the clerk of the trial court and personally served the appellee with a copy of that notice. It failed, however, to make proof of such service by affidavit within the time prescribed by the statute to perfect the appeal, or to show that service was acknowledged and that proof thereof had been waived. As indicated previously the affidavit of proof of service by the undersheriff was more than two months after the date of the judgment and was ineffective with respect to the perfection of the appeal.

The appellant did not fail to perfect the appeal because notice

was allegedly served by the undersheriff, but because the undersheriff who made the service did not prove such service by affidavit as required by the statute to give this court jurisdiction to hear the appeal. It is clear from the provisions of G. S. 1949, 60-3306, that, even though the legislature permits proof of service by evidence of a third party, the statute requires such evidence of service be presented under penalty of an oath.

The appeal was not perfected pursuant to G. S. 1949, 60-3306, nor within the time prescribed by G. S. 1949, 60-3309, and it is not before this court for appellate review.

The appeal is dismissed.